# Murphy v. Commonwealth.

(Decided October 4, 1927.)

## Appeal from Boyd Circuit Court.

1. Criminal Law.—Where defendant had no knowledge of fact that one of proposed jurors had served on the grand jury which found the indictment against him, and the proposed juror, when examined, did not disclose the fact and was accepted as juror, defendant was denied a fair trial, in view of Criminal Code of Practice, sec. 210, permitting a challenge for implied bias if proposed juror served on grand jury which found indictment, and it was error for court to deny new trial.

2. Courts.—Where holding of appellate court, that it could not consider a question because of Criminal Code of Practice, sec. 281, was not necessary to a decision of the case, it was no authority in another case.

WAUGH & HOWERTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is the second appeal of this case. The facts are fully stated in the first opinion found in 205 Ky. 493, 266 S. W. 33. Two grounds are urged for reversal. The first is that the verdict is flagrantly against the weight of the evidence. This contention cannot be sustained. The evidence was sufficient to take the case to the jury and sustain the verdict, although it is a close case.

The serious question in the case grows out of the fact that a juror, one J. W. Shortridge, who sat on the trial of the case, also sat as a member of the grand jury when

the indictment was returned. When the jury was examined as to the qualifications of the individual members, this juror stated that he had heard a part of the examining trial, but had no opinion in the case. After the trial was over, and for the first time, appellant discovered that this juror was a member of the grand jury when the indictment was returned. He filed his motion and grounds for a new trial, and one of his grounds was that this juror was not qualified to sit in the case because he had served on the grand jury which returned the indictment.

Appellant filed his affidavit in support of his motion, and he also filed the affidavit of the circuit clerk showing that the juror was a member of the grand jury which returned the indictment. The trial court overruled the motion for a new trial. Later the commonwealth's attorney entered a motion to set aside the order overruling the motion for a new trial, and this motion was sustained. He than filed the affidavit of the juror, Shortridge, in which he admitted that he was a member of the grand jury that returned the indictment against appellant. He stated in his affidavit that at the time he was examined touching his qualifications as a juror on the trial of the case he had entirely forgotten that he was a member of the grand jury returning the indictment, and that he had entirely forgotten the facts in the case. He further set out in the affidavit that he did not recall any of the facts of the case on the trial, and that he had no opinion as to the guilt or innocence of the appellant.

We are thus confronted with the sole question whether it is prejudicial to the substantial rights of a defendant for a juror, who was a member of the grand jury that returned the indictment, to sit as a member of the panel that tries him. If the defendant knows that a juror was a member of the grand jury that returned the indictment and makes no objection to it prior to the completion of the trial, he could not thereafter raise the question. In this case, however, the appellant did not know that a member of the grand jury, who returned the indictment against him, was also a member of the petit jury which tried him. The juror, when questioned about his qualifications, did not disclose the fact that he had been a member of the grand jury when the indictment was returned. The appellant therefore is in position to take advantage of the error of the court, if it was an error, in overruling his motion for a new trial when this state of facts was presented to the trial court.

It has been held by this court that where a juror makes a false answer on his examination as to his qualifications and states that he has neither formed nor expressed an opinion as to the guilt or innocence of the defendant, when, in fact, he has done so prior to his having been called as a juror, the defendant is entitled to a new trial upon the discovery of the bias of the juror after the trial is completed, provided such discovery is seasonably made and taken advantage of by proper motion for a new trial. Leadingham v. Commonwealth 180 Ky. 38, 201 S. W. 500; Mansfield v. Com., 163 Ky. 488, 174 S. W. 16.

Section 210, Criminal Code, among the grounds of challenge for implied bias, allows such a challenge if the proposed juror has served on the grand jury which found the indictment. The fact that the juror, Shortridge, when examined, did not disclose that he had served on the grand jury denied appellant the right to challenge him for implied bias. This was a denial of a fair trial to appellant, and the lower court should have sustained his motion for a new trial on this ground.

This case is distinguishable from the case of Hoskins v. Commonwealth, 152 Ky. 811, 154 S. W. 919. There the question was not seasonably raised, and the court so held. The further holding of the court in that case, that this court could not consider the question because of section 281 of the Criminal Code, was not necessary to a decision of that case and is therefore not authority in this or similar cases.

Judgment is reversed and cause remanded for proceedings consistent with this opinion.