# Fowler v. Commonwealth.

(Decided Sept. 24, 1935.)

SAMUEL V. BRENTS and SILAS A. SULLIVAN for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Oakley Fowler was convicted in the Clinton circuit court for the malicious cutting and wounding of another with intent to kill, and sentenced to three years in the penitentiary. He appeals.

A reversal of the judgment is asked because of the following alleged errors: (1) Refusal of the court to allow continuance because of absent witnesses; (2) misconduct of a member of the jury; (3) improper language of the commonwealth attorney; and (4) insufficient evidence to sustain the verdict. We will discuss these questions in the order named.

In support of his motion for a continuance, appellant filed his affidavit stating in substance that he was not ready for trial because of the absence of two witnesses, John Fowler and John David Collins, and that "he has used due diligence to obtain their presence in this court at this time for this trial." His statement that he has used due diligence is a mere conclusion not supported by any facts. He failed to state that he had had subpœnas issued for the witnesses, or had endeavored to procure their depositions, or to state other facts tending to show that he had made a diligent effort to procure their attendance. An affidavit for continuance must show what steps have been taken to procure attendance of witnesses; that the evidence is material; that the affiant believes the facts he can prove by him are true. Benge v. Com., 92 Ky. 1, 17 S. W. 146, 13 Ky. Law Rep. 308; Rogers v. Com., 188 Ky. 817, 224 S. W. 348. And the affidavit must further state that they were not absent by procurement or consent of the defendant. Belcher v. Com., 216 Ky. 126, 287 S. W. 550. The affidavit does not meet the requirements of the Code, and the court did not err in refusing continuance. Criminal Code Prac. sec. 189.

Appellant's complaint of misconduct of a member of the jury is based on the fact that one Crabtree, who was a member of the jury which tried him in the instant case, was also a member of the jury which had previously tried and convicted him on a charge of cutting another person, Zeke Smith, in the same fight in which he is accused of cutting the prosecuting witness, Emma Jones, in this case. He says that he did not know that

Crabtree was a member of the jury which tried him in the Smith case until after the verdict had been rendered.

It is insisted that this was grounds for a new trial under section 210 of the Criminal Code of Practice, which, among other things, provides that bias may be implied if the juror has served on the trial jury which has tried another person for the offense charged in the indictment, or if he has served on the grand jury which found the indictment. In our view these provisions of the Code do not cover the complaint relied on in the present case. It is not claimed that the juror complained of served on a jury which tried another person for the offense charged in the indictment in the present case or that he served on the grand jury which returned the indictment against appellant. It is only claimed that he was a member of the jury which tried appellant for cutting Smith in the same fight in which he is charged with cutting the prosecuting witness in this case. He relies on the case of Murphy v. Com., 221 Ky. 217, 298 S. W. 671. In this case the trial juror complained of was a member of the grand jury which returned the indictment against the accused.

Finding an indictment against an accused is an expression of opinion by the members of the grand jury that, from the evidence produced before it by the commonwealth, the accused committed the offense charged. But the fact that a member of the trial jury had served on a former jury in a trial where the accused was charged with an offense involving a different issue, although a part of the same evidence may have been involved, does not necessarily mean that the juror had expressed or formed an opinion as to the guilt or innocence of the accused in another case involving different issues. The appellant had an opportunity to examine the juror with respect to his knowledge of the facts, or whether he had formed or expressed an opinion as to the appellant's guilt or innocence, and it became his duty to examine the juror with respect to his fitness to serve in that trial.

In appellant's motion and grounds for a new trial he charges no misconduct of the juror, but only says that "the court erred in allowing I. T. Crabtree [the juror in question] to serve as a juror on the trial of this case." But there is no showing that the court's atten-

tion was called to the fact that the juror had served as a member of the jury in the Smith trial, or that the juror concealed from appellant any facts relating thereto. In the case of Coleman v. Com., 9 Ky. Law Rep. 145, a similar question was involved where the juror had served as a member of the grand jury which returned the indictment, and the principles and reasons set out in that opinion are applicable to the present case. In the circumstances we do not think appellant is entitled to a new trial on that ground.

The next complaint is directed to the statement of the commonwealth attorney in his argument before the jury, stating in substance that on the occasion when the defendant, Oakley Fowler, cut Mrs. Emma Jones, he also cut Zeke Smith, who has since died. It is shown by the bill of exceptions that at the beginning of the trial it was agreed between the commonwealth attorney and attorneys for defendant that all evidence as to the cutting of Zeke Smith be omitted and that the testimony start with the cutting of the prosecuting witness. But the record discloses that this agreement was departed from by witnesses for both parties, and without objection by either party. The cutting of Smith and the prosecuting witness occurred in the same fight and is so closely connected that it is hardly reasonable to bring out the evidence relating to the cutting of the prosecuting witness in this case, without referring to the cutting of Smith. Appellant testified that he and Smith were in a fight and he cut Smith twice, and that Floyd Neal struck him (appellant) with an ax, and that he turned and cut at Neal but missed him and cut Mrs. Jones, and that the cutting of Mrs. Jones was an accident. Mrs. Jones testified that she saw appellant cut Smith, and she exclaimed, "Lord have mercy don't hurt Mr. Smith," and then he ran by her and stepped about one step from the path and stabbed her. Thus it will be seen that the cutting of Smith and Mrs. Jones was so closely connected and related that the cutting of Smith was a background or part of the chain of facts leading up to the cutting of Mrs. Jones, and the evidence pertaining to the cutting of Smith was competent, particularly so inasmuch as it was not objected to, and the commonwealth attorney was within his right in referring to all pertinent facts covered by the evidence. We do not think the remarks of the commonwealth attorney were improper or prejudicial.

The next complaint is that the court allowed the jury to separate and go to their homes for the night after the case had been submitted to them. The record does not disclose that there was any objection to the separation of the jury at the time, nor that defendant had no opportunity to object, and this complaint is made for the first time on the motion and grounds for a new trial. The motion is therefore not available. Wilkerson v. Com., 88 Ky. 29, 9 S. W. 836, 10 Ky. Law Rep. 656; Vinegar v. Com., 104 Ky. 106, 46 S. W. 510, 20 Ky. Law Rep. 412; Wade v. Com., 106 Ky. 321, 50 S. W. 271, 20 Ky. Law Rep. 1885; Keith v. Com., 195 Ky. 635, 243 S. W. 293; McKinzie v. Com., 193 Ky. 781, 237 S. W. 386.

Defendant's failure to object to the separation of the jury waived his right to that provision of the Code, and he cannot now complain.

Lastly, it is insisted that the verdict is not sustained by the evidence. Defendant's only defense was that he struck at Neal with a knife in self-defense, and missed him and accidently cut Mrs. Jones. Mrs. Jones, and a number of other witnesses, testified that after appellant cut Smith he turned and started toward the gate, and when passing Mrs. Jones he stepped one step from the path and struck her with a knife. If the evidence of Mrs. Jones and a number of other witnesses for the commonwealth was to be believed, which the jury had the right to believe, the cutting of Mrs. Jones was not an accident but intentional. The commonwealth's evidence is contradicted by appellant and perhaps by other witnesses for him, but in such conflict of evidence it was a question for the jury, and we are unauthorized to disturb its finding.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.