# Swafford v. Commonwealth.

January 14, 1949.

Charles .C. Smith for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellant, Leonard Swafford, was indicted for maliciously shooting and wounding Earl Grubb. A trial resulted in his conviction and the punishment was fixed at confinement in the penitentiary for two years. He seeks to reverse the judgment on two grounds: First, the court erred in trying him within two days after the indictment was returned, and he did not have a reasonable opportunity to prepare his case for trial; Second, the verdict is flagrantly against the evidence.

Swafford was in jail when the indictment was returned on November 24, 1947, and the record shows he was tried the next day. He insists that Sections 185 and 187 of the Criminal Code were violated, since the trial was had within less than three days after he was indicted. The answer to this argument is the record shows that when the case was called both the Commonwealth and the defendant announced ready for trial. Appellant

waived his right to a continuance by announcing ready when his case was called. Furthermore he cannot present for the first time the question of his right to a continuance in his motion for a new trial. Coe v. Com., 299 Ky. 360, 185 S. W. 2d 533.

To determine whether or not the verdict is flagrantly against the evidence requires a brief resume of the proof. Only one witness, Earl Grubb, testified in chief for the Commonwealth. His testimony was to the effect that he and a companion, Bill Jones, met appellant alone on the road on Sunday evening about dark and the latter accused him of killing a mule belonging to Swafford's father. Grubb denied the charge, whereupon Swafford cursed him, hit him on the arm with a pistol and knocked him down. When Grubb got up, Swafford punched him with the pistol and Grubb and Jones started running. After they had gone 25 or 30 steps in "a minute or so," some shots were fired, but Grubb did not know who fired them and could not see the flash from the pistol on account of a bend in the road and some bushes.

Although Grubb said he was running away from the shots, one of them struck him in the front of the neck near the collar button of his shirt. However, Grubb testified that he stopped and looked back and saw Swafford was shooting and he started running again. He could have been hit in the front of his neck at that instant. When asked to show the jury where the bullet hit him, Grubb answered, "Well, it just blacked my hide, you can't see the place, burnt the hide a little." The following page of the record shows Grubb gave this testimony: "I was running away and the bullet struck me here and come out around here." The county judge who conducted the examining trial testified that on the preliminary hearing Grubb "showed the scar where he was shot and his clothes."

The testimony of Grubb was sufficient to take the case to the jury on the question of whether or not Swafford fired the shots and whether or not Grubb was actually wounded.

Appellant denied meeting Grubb and Jones on the road or of firing the shots. His version of what occurred that Sunday afternoon and evening was that Grubb and Jones came to his home with some whiskey. After tak-

ing a few drinks, Grubb asked Swafford to go the next day and sign a peace bond for a man named Lon Edwards. Upon appellant's refusal, Grubb became profane and appellant and his mother made him and Jones leave their home. It was about dark when the two boys left the Swafford home. In about an hour after they departed Swafford heard some shooting on the road some 40 or 50 yards from his house. Swafford testified he did not have a pistol, never left his home that afternoon or evening and did not fire a shot. He was corroborated by his mother, his wife and his sister-in-law, Lily Swafford, whose sister married Grubb. Jones, the companion of Grubb, did not testify.

Thus it is seen there was a direct conflict in the evidence which makes this case peculiarly one for the jury, who are the judges of the credibility of the witnesses and weight to be given the testimony. Carter v. Com., 278 Ky. 14, 128 S. W. 2d 214. Had the writer of this opinion been on the jury, he would not have convicted the accused. But we are not at liberty to disturb the verdict of a jury, unless it is palpably against the evidence, and no verdict is palpably against the evidence when it is reasonable for the jury to find from the proven facts and circumstances that the accused is guilty. Shepherd v. Com., 236 Ky. 290, 33 S. W. 2d 4.

The judgment is affirmed.