# White v. Commonwealth.

February 21, 1950.

Rehearing denied April 25, 1950.

Wm. J. Baxter, Judge.

Redwine & Redwine and M. C. Redwine, Jr. for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Affirming.

Catesby White, 23 years of age, was convicted of detaining against her will Ada Dunaway, a 19 year old

girl, for the purpose of having carnal knowledge of her, and his punishment was fixed at confinement in the penitentiary for 5 years. He seeks to reverse the judgment because the court erred: 1. in overruling a general demurrer to the indictment; 2. in overruling his motion for a directed verdict; 3. in admitting incompetent evidence against him.

The offense is denounced by KRS 435.110, which provides "any person who unlawfully takes or detains any woman against her will, * * * with intent to have carnal knowledge of her himself or that another shall have carnal knowledge of her, shall be confined in the penitentiary for not less than two nor more than seven years." The indictment in the present instance omitted the word "himself" and charged defendant "did unlawfully, wilfully and feloniously detain Ada Dunaway, a female, against her will, with intent to have carnal knowledge of her."

Appellant argues that the indictment should have followed the language of the statute, citing Fuson v. Com., 230 Ky. 761, 20 S. W. 2d 742; International Shoe Co. v. Com., 300 Ky. 806, 190 S. W. 2d 553. These authorities state the general rule is that an indictment for a statutory offense is good if it follows the language of the statute and expressly charges the offense therein described. It is manifest that the indictment here complies with this rule. Also, it meets the requirements of the Criminal Code of Practice, sec. 122(2) that it state the acts constituting the offense in ordinary language as to enable a person of common understanding to know what is intended and to enable the court to pronounce judgment on conviction. The court correctly overruled the demurrer.

The prosecutrix testified she met appellant for the first time on the street in Winchester on the afternoon of June 4, 1949, and made a date with him for that evening. He called for her at her home about 6 o'clock and drove her and her 17 year old brother to the picture show. Her brother left them at the theater and she and appellant remained in the show some 30 minutes when they left to take a drive at his suggestion. Appellant first drove to a filling station, got some gas, fixed a flat tire and then drove her out a country road. He stopped on a side road, turned the lights on his car off

and forcibly attacked her against her will with the remark that he would have sexual intercourse with her or kill her. She successfully resisted him for about 15 minutes, and when another car drove by she ran to it and asked the driver, whom she did not know, to take her to Winchester. She arrived home soon after 7 o'clock, reported the occurrence to her mother, who called the sheriff the next day and appellant was arrested.

Prosecutrix, her mother and brother all testified that her clothes were fresh and clean when she left home and were dishevelled and soiled when she returned. All three of them identified appellant as the man who came to their home about 6 o'clock and drove prosecutrix and her brother to the picture show. Robert Henry, a filling station attendant, testified that appellant drove in his station to have a flat tire fixed and prosecutrix was in the car with him; but the witness could not state what night it was nor the hour.

Appellant's defense was an alibi. He testified that he had never seen prosecutrix until the sheriff brought her to his home and arrested him; that he never went to her home or drove her and her brother to the picture show and never took the girl to the country or attacked her. Furthermore, he testified that his car had no lights on it and he could not drive it after dark. He was corroborated by James Christopher who played pool with appellant until 6 p. m., on the day in question, at which time they both left for their respective homes. Appellant's father and a visitor in his home, Viola Berryman, testified appellant came home about 7 o'clock, had supper and remained at home until he took Viola to the bus station about 9 o'clock that night. J. D. Ramsey testified that appellant and Viola rode with him in Ramsey's car to the bus station about that hour and he then drove appellant almost home.

The evidence was in direct conflict and it is patent that the court did not err in refusing to direct a verdict of acquittal. Plainly, this was a case for the jury whose province it is to pass on the credibility of the witnesses and to weigh the evidence. There was sufficient evidence to sustain a verdict of guilty or one of acquittal, depending upon whether the jury accepted the testimony of prosecutrix and her witnesses, or that of appellant and his witnesses. In such circumstances this court will not

disturb the verdict. Commonwealth v. Robinson-Pettet Co., 181 Ky. 702, 205 S. W. 774; White v. Com., 292 Ky. 416, 166 S. W. 2d 873.

Appellant strenuously argues that it was error for the court to permit the Commonwealth to introduce the clerk of the court in rebuttal and allow him to read to the jury a judgment showing his former conviction of the felony of rape. On cross-examination appellant was asked over his objection if he had been convicted of a felony and he answered in the affirmative. He was next asked what the felony was and he replied, "Well, I can't exactly say." The clerk of the court was introduced in rebuttal and over appellant's objection read to the jury a judgment showing he had been convicted of rape in 1942 and sentenced to the penitentiary for 12 years. Thereupon, the court duly admonished the jury that the previous conviction could be considered only as affecting appellant's credibility as a witness.

It is insisted by appellant that the clerk's testimony was incompetent for two reasons; first, proof of other crimes is not admissible, citing Grigsby v. Com., 299 Ky. 721, 187 S. W. 2d 259, 159 A. L. R. 196 and Powell v. Com., 308 Ky. 467, 214 S. W. 2d 1002; and second, as appellant admitted his previous conviction, there was nothing to rebut. True, the two cases cited by appellant hold that proof of other crimes is not admissible, but sec. 597 of the Civil Code of Practice, which is applicable in criminal cases, says that evidence of other particular unlawful acts is not admissible, "except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of felony" for the purpose of impeachment.

We expressly held in Bates v. Com., 260 Ky. 551, 86 S. W. 2d 322, and in Quillen v. Com., 275 Ky. 158, 120 S. W. 2d 1047, that for the purpose of affecting the credibility of the witness the Commonwealth may show either by the witness or by court record that he has been convicted of a particular felony and the punishment inflicted. We cannot agree with appellant that the Bates and Quillen opinions did not deal with the question now confronting us. It is Grigsby v. Com., 299 Ky. 721, 187 S. W. 2d 259, 159 A. L. R. 196, and Powell v. Com., 308 Ky. 467, 214 S. W. 2d 1002, cited by appellant, which do not deal with our question. Those two opinions hold that

defendant could not be cross-examined concerning a military uniform he wore while on the witness stand in an effort to show that he was guilty of the separate and independent offense of deserting from the armed forces in the time of war.

In answer to the argument that as appellant had admitted a prior conviction there was nothing to rebut by introducing the judgment, it will suffice to say that he stated he could not say exactly what the felony was of which he had been convicted, and certainly it was competent for the Commonwealth to impeach the witness by showing that it was for rape. Newhouse v. Com., 207 Ky. 731, 270 S. W. 11.

The judgment is affirmed.