**Lige BAILEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 12, 1954.

Napier & Napier, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant moved for an appeal from a judgment of the Perry Circuit Court convicting him of shooting and wounding in sudden affray, on an indictment charging him with malicious shooting and wounding with intent to kill, and fixing his punishment at a fine of $250 and confinement in jail for six months.

We find no merit in appellant's contention that the court erred in overruling his motion for a directed verdict, or that the verdict was against the law and the evidence and rendered as a result of passion and prejudice. The evidence is conflicting as to whether appellant fired the shot which wounded Geneva Young (often referred to in the record as Geneva Sizemore) or whether his brother-in-law, Clifton Baker, fired it. Clearly, this was a question for the jury and the evidence is amply sufficient to take the case to the jury and to sustain the verdict.

It was not erroneous for the Commonwealth Attorney to ask appellant on cross-examination if he had not previously been convicted of manslaughter. The record shows the court properly admonished the jury once that the purpose of the evidence of appellant's previous conviction of a felony was to affect his credibility as a witness, if in fact it did so. We have held it proper to ask a witness of what felony he was convicted. White v. Com., 312 Ky. 543, 228 S.W.2d 426. Nor was it reversible error for the court not to admonish the jury that the purpose of other impeaching evidence went only to the credibility of the witness, where on the whole record such evidence was not prejudicial to accused. Allen v. Com., 302 Ky. 546, 195 S.W.2d 96.

Motion for an appeal denied and judgment affirmed.