**Kelly GIBBS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

O. J. Cockrell, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Kelly Gibbs was convicted of malicious cutting and wounding. His punishment was fixed at two years' confinement in the state reformatory. His appeal presents the single question of whether the evidence is sufficient to sustain the verdict.

Appellant and his cousin, Amos Graham, had been in Jackson, Kentucky, in the late afternoon or early evening on the day of the August Primary election in 1955. There had been no prior trouble between them. Appellant, admittedly, had been drinking. His statement that Graham also had been drinking is denied by Graham.

Both parties lived some distance from Jackson. According to Graham, he was taking appellant to his home. As they were riding along, with Graham driving, appellant threw his arm around Graham's neck. Clutching a knife in his hand, appellant said, "keep a driving I am going to cut your neck veins * * * I want my daddy to see you drive." Graham threw his arm up and lowered his head. He twisted appellant's arm and caused him to drop the knife. Graham received wounds in his abdomen and on his elbow.

Graham was 6 feet, 2 inches in height and weighed 180 to 185 pounds. Appellant was 5 feet, 8½ inches in height and weighed 128 pounds.

According to appellant, the truck had stopped near the mouth of Morgue Creek. His version of the trouble is that Graham said, "that dammed old grey headed daddy of yours swore a lie against me in the Dan Gibbs case. I said I don't like that kind of talk and I don't want you talking about my daddy and he said you are a no good son-of-a-bitch and hit me over the head with something and we started wrestling and rolled from the truck on to the ground and he was on me and I got my feet up against his stomach and kicked him back while I was on the ground and my back on the ground he was coming on me again I got my knife out and tried to get to my feet. I only got to my knees and he kept coming on me and when he kept on me I grabbed him while I was still on my knees and struck him once with the knife."

There were no witnesses to the fight except the participants. The testimony of other witnesses was not very enlightening and was contradictory.

Appellant contends that the verdict is against the law and the evidence because it

would have been impossible for the events to have occurred in the way stated by the prosecuting witness.

 The evidence is conflicting as to how the difficulty arose and what took place. Appellant made no motion for a directed verdict at any time in order to question the sufficiency of the evidence. The testimony for the prosecution is sufficient to establish the elements of the offense charged. The credibility of the witness is to be determined by the jury. Jones v. Commonwealth, Ky., 281 S.W.2d 920. The verdict of the jury is not palpably against the evidence when it is reasonable for the jury to find from the proven facts that the accused is guilty. The verdict was justified. Swafford v. Commonwealth, 309 Ky. 178, 216 S.W.2d 919; White v. Commonwealth, 312 Ky. 543, 228 S.W.2d 426.

Judgment is affirmed.