Johnny **FULTON** and Abe Duff, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 5, 1956.

Appeal from Circuit Court, Bell County: W. R. Knuckles, Judge.

James W. Smith, Robert J. Watson, Middlesboro, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellants, Johnny Fulton and Abe Duff, were jointly indicted and tried together for the armed robbery of Marshall Blackburn. They were convicted of robbery and the punishment of each was fixed at

confinement in the penitentiary for ten years. In seeking to reverse the judgment they urge the court erred: 1. In overruling their motion for a continuance; 2. in asking opposing counsel in the presence of the jury if they had any objection to the jury separating during the noon recess; 3. in admonishing the jury that the statement setting out the testimony of an absent witness could be considered only for the purpose of contradiction.

The record shows all the parties involved are Negroes and were friends of long standing. On the afternoon and evening of June 14, 1955, several persons had gathered at the home of Abe's brother, Roosevelt Duff, in Middlesboro, where considerable intoxicating spirits were consumed. Marshall had two $100 bills, a $20 bill and some eight or ten dollars in small denominations. He allowed Roosevelt to take possession of this money and flash it around to impress the guests. Abe left the gathering between 4 and 5 o'clock in the afternoon and went to his job in a local bar. Johnny and Marshall remained at the party until around 10 o'clock that evening when they departed together, going to a liquor store where a pint of gin and a half-pint of whiskey were purchased. They consumed the whiskey and wandered to the railroad station. Johnny suggested something about going to see a woman but Marshall refused, and he testified Johnny knocked him down. Marshall further testified that at this time Abe appeared carrying a large stick and beat him into semi-consciousness; but before Marshall lost consciousness completely he could feel the two men pulling at his clothes. Marshall was found later, taken to his home, then to a hospital and on regaining consciousness learned he had been robbed of $230.

Appellants denied robbing Marshall and testified they were not in Middlesboro at the time of the alleged robbery but were then on their way to Norton, Virginia, with Charlie Spurlock. The Commonwealth proved by James Elder, a taxi driver, that he picked appellants up on Nineteenth Street "some time before midnight" and drove then to Ewing, Virginia, for which they handed him a $10 bill and he gave them back $6; that he learned later this was the same night Marshall claimed he was robbed.

After appellants had testified, one of their attorneys dictated a statement to the court reporter to the effect Charlie Spurlock, who lived in Lee County, Virginia, if present in court would testify in substance that about 10:30 P.M., on June 14, 1955, he picked up appellants on north Nineteenth Street in Middlesboro, drove them to Norton, Virginia, let them out of his cab and saw them no more.

The court let this statement be read to the jury with the admonition that it would be used only for the purpose of contradicting or impeaching James Elder, if it did so do, and could not be considered as substantive evidence. Appellants objected to this admonition on the ground the statement was offered as substantive evidence in support of appellants' alibi and not for the purpose of contradicting or impeaching Elder and the court erred in so restricting this testimony of Spurlock.

A motion for continuance was made after both sides announced ready, the jury selected and empaneled and the indictment was read to the jury. It is manifest the court did not err in overruling this motion since it was not seasonably made and appellants waived their right to a continuance by announcing ready when the case was called. Swafford v. Com., 309 Ky. 178, 216 S.W.2d 919.

While it was improper to inquire of counsel in the presence of the jury whether they had any objection to the jury separating during the noon recess, yet it was not reversible error in view of the fact the conviction was only for robbery, not armed robbery, and the punishment fixed at 10 years in prison. It is provided in § 244 Criminal Code of Practice that jurors

in cases in which the punishment may be death or life imprisonment must be kept together; but on the trial of other felonies, before the case is finally submitted, the jurors may be permitted to separate in the discretion of the court. The question before us was determined adversely to appellants' contention in Joseph v. Com., 303 Ky. 712, 199 S.W.2d 135. Rather than repeat what was there written, we will be content with referring the reader to the Joseph opinion.

■ The court allowed the statement to which reference was made above regarding the absent witness, Charlie Spurlock, to be read to the jury as the testimony of Spurlock with the admonition it could only be considered for the purpose of contradicting or impeaching Elder, who had testified that around midnight on the same date he had driven appellants to Ewing, Virginia. In preparing this statement no attempt was made to comply with the requirement of § 189 of the Criminal Code of Practice relative to having the testimony of the absent witness read to the jury upon the proper showing. In the first place, no affidavit was prepared or filed showing what testimony Spurlock would give if he were in court. In the second place, such affidavit would have been much too late even had it met the requirements of § 189 of the Criminal Code of Practice. See Fowler v. Com., 260 Ky. 433, 86 S.W.2d 148; Dewberry v. Com., 241 Ky. 726, 44 S.W.2d 1076; Smith v. Com., 278 Ky. 384, 128 S.W. 590.

It is provided in § 189 of the Criminal Code "the defendant may, on the trial, read such affidavit as a deposition of such absent witness or witnesses, subject, however, to exception for irrelevancy or incompetency." We have written that the Commonwealth cannot impose conditions or limitations on the deposition of the absent witness. Canterbury v. Com., 234 Ky. 268, 27 S.W.2d 946. But here no affidavit was made or filed as to what the absent witness would state and no effort was made to comply with the requirements of § 189. The

only authority the court had for permitting the testimony of the absent witness Spurlock to be read to the jury must have been by the implied consent of the Commonwealth Attorney, which was evidently given with the understanding such testimony would only be considered for the purpose of contradicting or impeaching Elder.

Clearly this was a case for the jury and as we find no error prejudicial to appellants' substantial rights, the judgment is affirmed.