**John BROWN, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 18, 1962.

Robert P. Hastings, Stuart Lyon, David Kaplan, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, John Brown, Jr., was tried in the Jefferson Circuit Court for the crime of armed robbery and the jury returned a verdict of guilty and a sentence of death. Brown prosecutes this appeal upon the sole ground that the prosecuting attorney made improper, inflammatory and prejudicial remarks in his closing argument to the jury.

On the afternoon of February 12, 1961, Brown entered Graf's Produce Market, in Louisville, ordered some beer, and, upon being handed the beer, pointed a gun at the proprietor and said, "Let's have it." The

proprietor withdrew $137 in small bills from the cash register and handed it to Brown, who walked backward out of the place of business, got into an automobile and drove away. The license number of the automobile was observed by two customers who were in the establishment at the time of the robbery. The police were notified and Brown was arrested within a short time.

■ At the trial Brown testified that he had previously been convicted of a felony and on cross-examination he admitted that he had been convicted of robberies in this state and in Illinois, and had served time in the penitentiary on those convictions. The jury was admonished that the testimony concerning the prior felony convictions was to be considered only as such would affect his credibility or truthfulness as a witness if the jury believed beyond a reasonable doubt that it did affect his credibility or truthfulness. The court properly admitted the testimony and properly admonished the jury concerning it. In White v. Commonwealth, 312 Ky. 543, 228 S.W.2d 426, we said:

"For the purpose of affecting the credibility of the witness the Commonwealth may show either by the witness or by court record that he has been convicted of a particular felony and the punishment inflicted."

■ The prosecuting attorney, in his closing argument to the jury, stated:
"* * * I ask you, I implore you, to help us, help us make Jefferson County a place where a robber does not dare to pull an armed robbery. Confinement in the penitentiary, is that the answer, in view of the record of the man? Three and a half years for robbery, another robbery in Rockford, Illinois, assault with intent to rob here in Jefferson County with a 21 year sentence. Did any of those confinements stop him? The answer is obvious."

The appellant was on trial for one crime only. Substantive evidence concerning the other crimes which he had committed would not have been admissible. The effect of the closing argument of the prosecuting attorney was to make substantive evidence out of that which was admitted only for the purpose of attacking the witness's credibility. As a consequence the argument was prejudicial. A similar argument was condemned in Matters v. Commonwealth, Ky., 245 S.W.2d 913, where it was said:

"In his argument to the jury the Commonwealth's Attorney commented on Matters' conviction of robbery in Ohio as though the evidence was admissible without qualification. This he should not have done. Fry v. Commonwealth, 259 Ky. 337, 82 S.W.2d 431."

■ The prosecuting attorney also pointed out the fact that armed robberies were common in the community. The court overruled an objection to that argument on the ground that it is permissible to discuss the history of crime but at the same time admonished the jury that the defendant was on trial for only the one offense. The prosecuting attorney then went ahead with his history of crime in the community and included the following statement:

"It will certainly come as no surprise to you that a day does not pass that you can turn on your radio or your television without a report of one or more crimes of violence. It may, however, come as some surprise to you for me to tell you that police statistics reveal that in December of this past year, in Jefferson County, Kentucky, there were 119 armed robberies—119."

He went outside the record to recite police statistics when there had been no testimony heard from which a fair and reasonable deduction concerning such statistics could have arisen. It is not improper to refer to the prevalence of crime in the community and to plead for the imposition of severe penalties as a method of stopping a crime wave. But argument should be lim-

ited to matters within the record or to fair and reasonable deductions arising from the record. Sexton v. Commonwealth, 304 Ky. 172, 200 S.W.2d 290. The statistics referred to were within the peculiar knowledge of the Commonwealth Attorney's office and the police department. Had the record been offered as evidence it is doubtful that the court would have permitted its introduction. The appellant was being tried for only one offense. To permit 119 other offenses to be brought before the jury was prejudicial and improper.

An objection is also made to the statement that violence was used in the perpetration of this crime. The fact is that defendant pointed a loaded pistol at the proprietor and demanded money from him. It appears to us that such an act is sufficiently violent to warrant comment by the prosecuting attorney.

It is our belief that the arguments of the prosecuting attorney constituted errors which prejudiced the appellant's substantial rights. Consequently, the judgment is reversed.