Mike **BARCLAY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 14, 1973.

**284**

———◆———

Anthony M. Wilhoit, State Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Mike Barclay was found guilty of selling LSD, a dangerous drug, and his punishment was fixed at three years in the penitentiary and a fine of $5,000. KRS 217.731(2). He also was found guilty of selling marijuana in violation of KRS 218A.990(4) and was fined $500. From the judgment he appeals. We affirm.

Barclay admits that he sold the marijuana, but he claims that Police Officer Shanks, to whom the sale was made, entrapped him and therefore the trial court should have instructed the jury on this subject, as he requested. He relies on Eis-

ner v. Commonwealth, Ky., 375 S.W.2d 825 (1964), and Kohler v. Commonwealth, Ky., 492 S.W.2d 198 (1973).

Barclay became very friendly with Shanks, but he did not know that he was a police officer. To establish his entitlement to the entrapment instruction, Barclay refers us to the following interrogation:

"24. Do you ever remember Mr. Shanks asking to buy LSD from you?

"A. Yes I do, this was after we had been running around together for quite sometime, he asked me where he could get one thousand hits of LSD and I told him I did not know and then he said something about a partnership and acquiring 1,000 hits of acid and selling it.

"25. Did he frequently ask you who was pushing marijuana and LSD?

"A. Constantly.

"26. Did he ask you frequently where he could buy it?

"A. Yes he did.

\*      \*      \*      \*      \*      \*

"39. And what did you proceed to do?

"A. We pulled up beside him and I looked at him and said, how are you doing, what's going on and he looked at me and he said he was trying to score some marijuana, that means trying to purchase some marijuana, get some. \* \* \*

"40. So he asked you if you had some marijuana he could score?

"A. Yes sir, he did.

"41. And how much did he 'score', did Mr. Shanks score from you?

"A. He got one bag of marijuana, \* \* \*."

The foregoing testimony and the fact that the officer did not reveal his identity was not sufficient evidence upon which to submit the issue of entrapment to

the jury. Dumon v. Commonwealth, Ky., 488 S.W.2d 343 (1972). Also see United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

■ The indictment also charged Barclay with selling "mescaline, a dangerous drug to B. G. Shanks." Motions were made for a bill of particulars and to inspect and copy the results the Commonwealth had received of tests made on the substances involved in this case. RCr 7.24. The court entered an order directing that the testing information be made available to counsel [1] for Barclay, but there was no ruling on the motion for the bill of particulars. Appellant claims that the Commonwealth did not comply with the order regarding the tests. About five days before the trial the attorney for the Commonwealth wrote a letter to Barclay's lawyer furnishing him at least some of the information requested. Near that same time the Commonwealth moved to amend the indictment " * * * as to Count 1 to include the words 'or LSD'." No order was entered on this motion. With the case in this posture the court inquired when the case was called for trial as to whether the litigants were ready. The response from both was in the affirmative. If there was non-compliance with the order to furnish information the response that Barclay was ready for trial was a waiver. Cf. Fulton v. Commonwealth, Ky., 294 S.W.2d 89 (1956), Conard v. Commonwealth, 214 Ky. 137, 282 S.W. 1082 (1926). He cannot now be heard to complain.

■ Barclay contends that he should not have been tried for selling LSD as he was charged with the sale of mescaline. The Commonwealth argues that LSD and mescaline are so similar that the differences between them are not discernible except by a laboratory test and that both are contained in the same statutory schedule in Kentucky Revised Statutes, Chapter 218A. Witnesses testified about the sale of marijuana and LSD without any objection from trial counsel for Barclay. At the conclusion of all the evidence the court instructed the jury regarding " * * * a controlled substance consisting of LSD * * *," but did not mention mescaline. Counsel for Barclay objected to the instructions only " * * * on the ground that they do not give the whole law of the case." No motion for a new trial was lodged. Now Barclay contends that the court erred in instructing on the sale of LSD. This complaint is presented here for the first time, therefore it is rejected. Beets v. Commonwealth, Ky., 437 S.W.2d 496 (1969); RCr 9.54(2).

The judgment is affirmed.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.

---

1. A different attorney from present counsel.