**Ronald Lee KROTH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 86–SC–719–MR.

Supreme Court of Kentucky.

Sept. 3, 1987.

Rehearing Denied Nov. 5, 1987.

Rodney McDaniel, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Kroth of third-degree burglary, two counts of trafficking in a controlled substance and two counts of first-degree persistent felony offender. He was sentenced to twenty years in prison.

The principal issue is whether convictions under two counts of possession of a con-

trolled substance amounted to double jeopardy; other questions presented are whether the prosecutor's reference to allegedly inadmissible hearsay evidence in his opening statement was reversible error; whether it was reversible error to allow a narcotics officer to testify that the defendant had the drugs for sale and not for personal use, and whether counts 1 and 2 of the indictment were properly enhanced by the persistent felony offender charge.

Kroth was charged with the burglary of a drug store in which entrance was gained by drilling a hole in the wall when the store was closed. A large quantity of various drugs and ten cartons of cigarettes were stolen. Kroth appeals from his conviction on the charges.

This Court affirms the judgment of the circuit court.

■ The conviction of Kroth under Counts 2 and 3 of the indictment did not constitute double jeopardy. Possession with intent to sell the stolen drugs constitutes a violation of two separate and distinct statutory provisions. KRS 218A.080 and KRS 218A.100 state the differences between Schedule III and Schedule IV types of controlled substances. Kroth could not be convicted of carrying face powder or toothpowder. The law prohibits only controlled substances or drugs. KRS 218A.140 provides in part that no person shall traffic in *any* controlled substance. The word "any" means exactly what it says. It means possession with intent to sell of any controlled substance regardless of its statutory schedule classification suffices for purposes of prosecution under this chapter.

■ It was not reversible error for the trial judge to allow the prosecutor to refer to allegedly inadmissible hearsay evidence in his opening statement which was to the effect that a police officer had received information that the defendant had burglarized the store.

An opening statement is not evidence and the trial judge admonished the jurors to that effect. The prosecutor himself told the jury that the opening statement was not evidence. The outcome of the trial would not have been any different had the complained of statement been excluded. The evidence against Kroth was overwhelming. Tests presented at trial showed the pieces of cement found in his apartment matched with samples taken from the scene of the crime. The plasterboard dust on the tools in his possession was of the same type found in the drug store wall. The defendant's fingerprints and handwriting were found on a map at the scene of the crime and plasterboard dust was present on his boots when he was arrested.

The complained of statement was not offered in evidence to prove the guilt of the defendant. It was made during opening statement and not repeated.

■ The trial judge did not commit reversible error in allowing Officer Spaw to testify that in his opinion the defendant had the pills in his possession for sale and not for personal use. The officer testified as an expert witness. He referred to the large quantity of drugs found in the home of Kroth and stated that such a large quantity indicated that they were for sale, not personal use, based on his ten years of experience as a narcotics officer.

■ There was no reversible error in permitting the sentence under both Counts 1 and 2 of the indictment to be enhanced by the persistent felony offender charge. Once the status of persistent felony offender has been established, the defendant can receive enhanced punishment on each and every subsequent felony. *Wingo v. Ringo*, Ky., 408 S.W.2d 469 (1966).

■ The argument that Kroth did not receive notice that the PFO charge would apply to both principal offenses is unconvincing. He was charged with being a PFO in the same indictment, and he cannot claim that he did not receive adequate notice. He was given sufficient notice of the nature of the PFO charge and was given a full and fair opportunity to prepare a defense.

The judgment of conviction is affirmed.

LAMBERT and STEPHENSON, JJ., concur.

GANT, J., concurs and files a separate concurring opinion.

STEPHENS, C.J., and LEIBSON, J., dissent by separate opinions.

VANCE, J., joins in STEPHENS' dissent.

GANT, Justice, concurring.

Appellant contends that his separate convictions of trafficking in controlled substances constitute double jeopardy, arguing that KRS 218A.140(1) provides that "no person shall traffick in any controlled substance...." Thus, appellant contends, his possession for sale of Schedule III and Schedule IV types of controlled substances constitutes but one offense, not one offense for each schedule. I do not agree. KRS Chapter 218A provides for five separate and different classifications of controlled substances, each of which clarifications has separate and distinct criteria and a separate list of compounds. KRS 218A.990 provides a schedule of penalties, ranging from 5 to 10 years imprisonment and/or $5,000 to $10,000 fine for Schedule I and II; a misdemeanor for Schedules IV and V under certain circumstances. It is inconceivable that the legislature intended only one offense under these circumstances.

I concur with the remainder of the opinion.

STEPHENS, Chief Justice, dissenting.

Respectfully I dissent. The majority finds no error in permitting Officer Spaw to testify that, in his opinion, the pills in Kroth's possession were intended for sale. This determination disregards Kentucky law prohibiting a witness from testifying to the ultimate issue. *Nugent v. Commonwealth*, Ky., 639 S.W.2d 761 (1982).

Whether Kroth intended the pills for sale is properly a question for the jury. Kroth's guilt or innocence of the charged offense turns on his intent. "The issue of guilt or innocence is one for the jury to determine, and an opinion which intrudes on this function is not admissible...." *Id.* at 764.

Accordingly, I dissent.

VANCE, J., concurs in this dissent.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Once again our Court has opted for an unduly harsh interpretation of the double jeopardy principle. We should resist, rather than assist, prosecutorial efforts to break up a single criminal transaction into as many different crimes as possible, thus imposing a greater punishment than would be otherwise authorized. As I stated in my recent dissent in *Campbell v. Commonwealth*, Ky., 732 S.W.2d 878 (1987):

"The rules of the game, now honored only in the breach, require the prosecutor to carve out and convict for only the most serious offense represented by 'the same criminal episode.' American Law Institute, *Model Penal Code*, Multiple Offenses, § 1.07:

'Arising out of the same criminal episode' is meant to include offenses that occur on substantially the same occasion or are motivated by a common purpose or plan and are necessary or incidental to the accomplishment of that purpose or plan.' *Id.* at 118–19."

This present case represents our most glaring misapplication of the double jeopardy principle thus far.

The evidence proved that the accused broke into a drug store and stole a large quantity of pills, including both Schedule III and Schedule IV controlled substances. These pills were found in the appellant's home the next day when it was searched. Simply because this single trafficking offense involved two different types of pills, the appellant has been found guilty of two separate violations of KRS 218A.140, which makes it a crime to "traffic in any controlled substance." It would be equally sensible to break this single criminal transaction into 3,765 offenses because a total of 3,765 pills were recovered.

There is no provision anywhere in KRS Chapter 218A, *Controlled Substances,* to the effect that the possession at the same time and place of more than one type of controlled substance constitutes multiple offenses. Absent an explicit statutory mandate, our rule of construction, disregarded of late, is that:

"Doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishments totally disproportionate to the gravity of the offense; so in case of ambiguity the construction will be against turning a single transaction into multiple offenses." *Commonwealth v. Colonial Stores, Inc.,* Ky., 350 S.W.2d 465, 467 (1961).

In *Commonwealth v. Colonial Stores, Inc., supra,* the issue was very similar to the present one. The question was whether there was multiple offenses, or a single offense, when a store owner was offering for sale at one time 416 separately wrapped short weighted packages of meat. Just as "offering for sale" at the same time of 416 separate items, each short weighted, constituted but one offense in the *Colonial Stores* case, so should simultaneous "possession with the intent to sell" of two different types of controlled substances, or 3,765 different pills, at the same time constitute but one offense. The Commonwealth relies for authority on *Jordan v. Commonwealth,* Ky., 703 S.W.2d 870 (1986), and the *"Blockburger* test," *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). These cases involve situations so totally inapposite to the present situation that they are meaningless for this case. But at least the Commonwealth cites *some* authority, albeit incorrectly. The majority opinion cites *none.*

A number of other jurisdictions have considered the present double jeopardy question in cases very similar to our own, and apparently *all* have reached the opposite conclusion, holding that:

"[T]he simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed. *People v. Manning,* 71 Ill.2d 132 [15 Ill.Dec. 765], 374 N.E.2d 200, 202 (1978)."

*See* also *State v. Homer,* 22 Or.App. 328, 538 P.2d 945 (1975); *State v. Butler,* 112 N.J.Super. 305, 271 A.2d 17 (1970); and *Braden v. United States,* 270 F. 441 (8th Cir.1920). The appellant's Brief is replete with quotations from these cases. It seems to me that our Court should take an equally enlightened view, or at least provide a sound reason for rejecting it. The fact that some of the pills are listed on Schedule III and some on Schedule IV is a fortuitous circumstance and not a sound reason.