Jerry SARGENT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Donald SARGENT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 89-SC-321-MR, 89-SC-322-MR.

Supreme Court of Kentucky.

April 11, 1991.

Rehearing Denied Sept. 26, 1991.

Linda K. West, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellants.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

These consolidated appeals are from Jerry Sargent's conviction of trafficking in marijuana, first-degree wanton endangerment and first-degree persistent felony offender and his sentence of 20 years on each charge to run consecutively, and from Donald Sargent's conviction of trafficking in marijuana, possession of marijuana, possession of a Schedule IV controlled substance and as a first-degree persistent felony offender. He was sentenced to 20 years in prison, 90 days in jail and one year in jail to run concurrently.

The questions presented are whether two police officers could testify as to their opinion that the Sargents possessed the marijuana with intent to sell and not for personal use; whether Donald Sargent waived any alleged noncompliance with the discovery order, and whether a mention of "mug shots" warranted a mistrial.

In the course of executing a search warrant at an address occupied by appellants'

mother, police discovered a plastic bottle containing plant materials, two suitcases and a cooler which also contained plant material. As the police were leaving the address, an automobile drove into the parking lot and one of the officers recognized the driver as Jerry Sargent. The vehicle immediately left at a high rate of speed with police in pursuit, attaining speeds in excess of 100 miles an hour. The chase continued for more than 30 minutes until the fleeing vehicle spun around and landed in a creekbed. As the Sargents exited the wrecked automobile they were arrested. The police removed five plastic garbage bags from the trunk of the car, all containing plant material. Upon trial, the Sargents were convicted and this appeal followed.

At trial, two police officers testified as qualified experts that it was their opinion that the nearly 15 pounds of marijuana seized were for sale and not for personal use.

■ The trial judge did not commit error in allowing the police to testify as to their expert opinion that the Sargents had the drugs in their possession for sale and not personal use. The testimony of the two detectives was admissible as that of expert witnesses. *Kroth v. Commonwealth,* Ky., 737 S.W.2d 680 (1987); *Kentucky Power Company v. Kilbourn,* Ky., 307 S.W.2d 9 (1957). The police testimony indicates that their opinion was based on experience derived from many drug related investigations. Detective West had eight years with the Dry Ridge police department and six years with the Kentucky State Police and had been involved in several narcotic investigations. His familiarity with controlled substances arose from a combination of work experience and training. Detective Harrison had served with the state police for nine years and had worked in narcotics exclusively for nine months prior to trial. He was also knowledgeable about controlled substances and narcotics.

Both detectives testified about the marijuana trade which is certainly specialized in character and outside the scope of common knowledge and experience of most jurors.

The opinion of the police aided the jury in understanding the evidence and resolving the issues. The trial judge did not abuse his discretion when he determined that both police officers were sufficiently qualified to give expert testimony. There was no invasion of the province of the jury as the ultimate factfinder and there was no error.

The police were skilled in a particular field and stated facts from which an opinion could be drawn. *Coots v. Commonwealth,* 295 Ky. 637, 175 S.W.2d 139 (1943). Both detectives referred to the large quantity of marijuana and the unique packaging as a basis for the belief that the marijuana was possessed for sale rather than for personal use.

■ Another issue on appeal raised by only Donald Sargent is that the trial judge should have excluded the laboratory reports of the marijuana because the prosecutor allegedly did not follow the discovery order mandating that the results be shared between counsel. Jerry Sargent does not join in this argument because he did not file a motion for discovery and his attorney acknowledged seeing the entire file of the prosecution. The announcement by Donald Sargent of "ready" waived any alleged noncompliance with the discovery order of the trial court. *Barclay v. Commonwealth,* Ky., 499 S.W.2d 283 (1973). Following a lengthy discussion, the trial judge overruled the motion to suppress, finding that the Commonwealth had substantially complied with the discovery order and that Donald Sargent had suffered no prejudice because he did not move for independent testing of the marijuana.

■ The final issue involves mug shots. A brief mention of mug shots during the two-day trial did not require a mistrial and did not amount to reversible error. The jurors were promptly and properly admonished to disregard a single comment. Considering the entire case and the overwhelming evidence of guilt, there is no substantial possibility that the result would have been any different. *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969);

*Buchanan v. Commonwealth,* Ky., 691 S.W.2d 210 (1985); RCr 9.24.

The judgments of conviction are affirmed.

LAMBERT, REYNOLDS and SPAIN, JJ., concur.

COMBS, J., dissents by separate opinion in which STEPHENS, C.J., and LEIBSON, J., join.

COMBS, Justice, dissenting.

Believing that these defendants were not afforded a fair trial, I respectfully dissent.

1. Police officers, however experienced in the investigation of concrete facts, are not qualified to express a testimonial opinion as to a defendant's mental state. Ordinarily, and certainly in this case, the jury is fully competent to determine from the objective evidence alone whether the facts prove culpable intent. In the event that expertise is required on this issue, it must be provided by a competent, neutral psychologist or psychiatrist, not by an investigating officer. Here, the so-called expert opinions were nothing more than bootstrap conclusions based merely upon the *officers' own likely-biased opinions about previous cases;* they simply beg the question.

Consider a criminal homicide case in which the mental state of the defendant is a prominent issue. According to the majority's rationale, a police detective (or perhaps a private detective? or an experienced amateur?) would be permitted to testify not only as to his/her factual observations, but also that in his/her *opinion* the defendant acted intentionally, as opposed to wantonly, recklessly or innocently. And upon what would this opinion be founded? Upon the detective's *opinion* that other defendants in similar cases had acted intentionally.

Such testimony constitutes an egregious usurpation of the function of the jury. Rather than perpetuating the flawed holding in *Kroth v. Commonwealth,* Ky., 737 S.W.2d 680 (1987), we ought today to seize the opportunity to overrule it.

2. Well in advance of trial, on Donald Sargent's discovery motion, the court ordered the Commonwealth to provide results of any scientific tests or experiments conducted in connection with the case. At trial, the prosecution was allowed, over objection, to enter the testimony of a crime lab chemist, and laboratory reports which had never been furnished to the defendant.

I cannot agree that the defendant waived objection to the Commonwealth's flagrant violation of the court order, or waived his right to a fair trial. In announcing ready, the defense was perfectly justified in believing that the Commonwealth had complied with the express order of the court, and that there was no undisclosed scientific evidence.

3. During the Commonwealth's direct examination of a police officer, there occurred the following:

Q. How is it that you knew Jerry Sargent? Did you know the man?

A. Yes, sir, I had known him. I had not had any previous contact with Jerry Sargent. However, he had been pointed out to me by other officers and detectives with the state police and so forth and through mug shots.

Evidence which in any manner shows or tends to show that a defendant has committed another offense independent of that for which he is on trial is inadmissible. *Russell v. Commonwealth,* Ky., 482 S.W.2d 584, 588 (1972). In this case, the testimony concerning the mug shots (and that concerning the other officers and detectives) was not introduced pursuant to any exception to the rule of exclusion. The witness' prior knowledge of the defendant was irrelevant. The sole purpose of the quoted testimony was gratuitously to indicate to the jury that Jerry Sargent was a person with a criminal background. Considering the pattern of prejudice revealed by this record, I am not prepared to say that the court's admonition to the jury was sufficient to cure the error.

Now that we have permitted the state to partially invade and usurp the jury's function of determining guilt or innocence, where will we go next? Is the ancient mode of trial by jury in jeopardy? That

was to be held sacred and inviolate by virtue of Section 7 of our constitution.

The trial of this case was marred by three clear and substantial errors. If not each independently, then certainly all in accumulation demonstrate that these defendants did not receive a fundamentally fair trial.

STEPHENS, C.J., and LEIBSON, J., join in this dissenting opinion.