**Leonard DOUGLAS, Appellant**

v.

**COMMONWEALTH OF KENTUCKY, Appellee.**

**No. 2000–SC–0414–MR.**

Supreme Court of Kentucky.

Sept. 27, 2001.

As Modified on Denial of Rehearing Sept. 26, 2002.

David T. Eucker, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Albert B. Chandler III, Attorney General, Brian T. Judy, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Douglas of one count of first-degree sodomy and two counts of first-degree sexual abuse. He was sentenced to forty, five and five years, respectively, to run consecutively for a total of 50 years in prison.

The questions presented are whether the right to due process and a fair sentencing were violated by the admission into evidence of tests designed to determine the risk of future sexual recidivism; whether the testimony of a social worker violated the right to a fair trial, confrontation and due process of law; whether it was error to exclude Douglas from the competency hearing of two of the minor victims and to separate him from counsel during their testimony; whether the trial judge properly overruled the motion for a mistrial and whether it was improper to instruct the jury on the range of penalties during the guilt/innocence phase of the trial.

Douglas was convicted of committing sodomy and sexual abuse against his two step grandchildren. Prior to sentencing, the trial judge ordered him to undergo a Comprehensive Sex Offender Presentence Evaluation. Pursuant to this order, three tests were administered; the Rapid Risk Assessment of Sex Offender Recidivism; the Minnesota Sex Offender Screening Tool, Revised Version; and the Violence Risk Appraisal Guide. The results of the test were included in the presentence report sent to the trial judge prior to final sentencing. Douglas objected to the risk assessment placed on him by these tests and a hearing was held at which defense counsel objected that the reports were not admissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial judge ultimately accepted the recom-

mendation of the jury and sentenced Douglas to 50 years in prison. This appeal followed.

## I.

■ The crucial threshold and dispositive issue as viewed by this Court is whether a *Daubert* type hearing is applicable in a sentencing hearing in light of KRE 1101(d)(5), which states in part that the Kentucky Rules of Evidence are not applicable in the following situations:

> Miscellaneous proceedings. Proceedings for extradition or rendition; preliminary hearings in criminal cases; sentencing by a judge; granting or revoking probation; issuance of warrants for arrest; criminal summonses and search warrants; and proceedings with respect to release on bail or otherwise.

The trial judge was not required to hold *Daubert* hearing before considering the test results. *See Nelson v. Tenn. Gas Pipleline*, 243 F.3d 244, 249 (6th Cir.2001) (trial court not required to hold an actual hearing in order to comply with *Daubert*).

The three tests which are the subject of this appeal have nothing to do with sentencing. None of Douglas' constitutional rights were violated by the procedures used in this case because the tests have nothing to do with sentencing and have no effect on the sentencing procedures.

In connection with the 1998 amendments to the Sex Offenders Registration Statutes, a Sex Offender Risk Assessment Advisory Board was established in KRS 17.554 et. seq. KRS 17.556(10) attaches the Sex Offender Risk Assessment Advisory Board to the Department of Corrections. It is the duty of that Board to certify providers who shall conduct sexual offender risk assessments pursuant to KRS 17.550 to 17.991, or presentence assessments pursuant to KRS 532.050, or assessments related to probation or condi-

tional discharge pursuant to KRS 439.265, 439.267, and 532.045.

## II.

■ The other issues presented by Douglas are lacking in merit. The argument that the testimony of a social worker violated the right of Douglas to a fair trial, confrontation and due process of law fails because the social worker was only testifying regarding sexual abuse cases that she investigated. *Cf. Sargent v. Commonwealth*, Ky., 813 S.W.2d 801 (1991). Any possible error was harmless.

■ It was not reversible error to exclude Douglas from the competency hearing of the two minor victims. *Cf. Turner v. Commonwealth*, Ky., 767 S.W.2d 557 (1988).

■ Douglas was not deprived of his right to counsel so as to confront and cross-examine his minor victim accusers because of the seating in the courtroom. Douglas sat next to the jury and, according to the trial judge, he was within five feet of the victims. *Cf. Commonwealth v. Willis*, Ky., 716 S.W.2d 224 (1986). The arrangement of chairs in the courtroom was not an abuse of discretion and there was no constitutional violation. Defense counsel withdrew her objection to the arrangement after the trial judge allowed Douglas to sit facing the child witnesses as they testified.

■ It was not an abuse of discretion by the trial judge to overrule the motion for a mistrial in light of all the evidence. The trial judge is in a unique position to serve as a finder of fact and assess the factors relative to determining the necessity for mistrial. *See Grimes v. McAnulty*, Ky., 957 S.W.2d 223 (1997).

■ Douglas was not denied a fair trial by the trial judge when he correctly re-

fused to instruct the jury on a range of penalties during the guilt phase. The jury was properly instructed on the penalty range during the penalty phase.

*Daubert* does not apply in this case because the Kentucky Rules of Evidence do not apply to "sentencing by a judge." KRE 1101(d)(5).

The judgment of conviction is affirmed.

LAMBERT, C.J., GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

COOPER and JOHNSTONE, JJ., concur in result only.