Greenville T. **CHARLES**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

June 15, 1982.

Francis D. Burke, Kathryn Burke, Pikeville, for appellant.

Steven L. Beshear, Atty. Gen., Nancy M. Collins, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Greenville T. Charles was convicted by a jury in Pike Circuit Court of first degree manslaughter (KRS 507.030) and was sentenced to twenty years in prison. The two issues raised by his appeal are whether the trial court erred in qualifying appellant's right of self-protection in its instructions to the jury, and whether the reference to a prior arrest warrant prejudiced appellant's substantial rights.

On July 5, 1980, appellant arrived at a house leased by Cletus May on Coon Creek where a poker game was being played. Archie Charles, who is appellant's brother and one of the five people present at the game, told appellant he was barred from playing. Appellant responded by pulling a .22 caliber pistol from his trouser pocket. After threatening several players, appellant pointed the gun at Ted Scott and said, "I ought to shoot you" or "I've got it in for you," to which Scott said, "Here I am." When appellant stepped back lowering the gun to his side, a struggle began for the gun between Scott and appellant. Five shots were fired before the scuffle ended with Scott dead and Archie Charles wounded.

Following the presentation of evidence, the trial court instructed the jury on the defense of self-protection (KRS 503.050) and its qualifications (KRS 503.060). Specifically, the jury was given a qualifying instruction stating that if appellant provoked Scott to use physical force, while intending to cause death or serious injury to Scott, then appellant's use of force for his own protection was unlawful.

Appellant now argues that the instruction was prejudicially erroneous be-

cause it assumed appellant believed he was not justified in beginning the encounter. We need not comment on the unsoundness of this argument. The grounds for the objection are different from those asserted at the trial court and, therefore, are not properly preserved for appellate review. *Daugherty v. Commonwealth*, Ky., 572 S.W.2d 861 (1978).

Appellant, however, did preserve his objection to the qualifying instruction on the grounds that uncontroverted evidence showed appellant withdrew from the encounter. Appellant argues his withdrawal entitles him to self-protection under KRS 503.060(3)(b) and, as a result, no qualifying instruction should have been given.

■ Before we can consider whether the evidence precluded a qualifying instruction, we first must determine whether one who provokes an altercation with the intent to kill or inflict serious bodily injury is ever entitled to use physical force. Under KRS 503.060(3)(b) the initial aggressor may use reasonable force upon another person if the aggressor is confronted with physical force after withdrawing and communicating his intent to withdraw. The trial court's qualifying instruction, however, used the provocation exception in KRS 503.060(2) rather than the initial aggressor exception in KRS 503.060(3). The provocation exception is silent on whether the accused can avail himself of the self-protection defense in the event of withdrawal.

■ In construing code provisions, this court in the past has looked to the commentary accompanying the 1971 Final Draft as suggested by KRS 500.100. *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1976). The commentary makes clear that the provocation and initial aggressor exceptions "serve merely to codify existing principles." Under pre-code law it was well established that a good faith withdrawal coupled with its communication permitted the accused to use reasonable force for his self-protection even if he initially provoked the affray. *Banks v. Commonwealth*, 196 Ky. 639, 245 S.W. 296 (1922). We therefore hold that one who provokes a fight with the intent to

kill or seriously injure may claim self-protection if the conditions in KRS 503.-060(3)(b) are met by the evidence.

■ After reviewing the record we think the instructions properly addressed the matters which were put in issue by the evidence. The evidence was by no means uncontradicted, as appellant claims, on the provocation and withdrawal issues. The trial court accordingly submitted instructions on each issue with which the jury could have justified appellant's use of force if they believed his version of the shooting. We find no error in the trial court's qualifying the defense of self-protection.

■ Appellant next argues he was unfairly prejudiced when the Commonwealth exposed the existence of an arrest warrant which had been issued against appellant three months before the shooting. Appellant was questioned on cross-examination whether he previously had been asked to stay off the premises by his brother Archie, who owned the building. Appellant responded, "only once." The Commonwealth then asked whether anything had been done to keep him off the premises. Appellant responded that his sister-in-law procured a warrant against him and his wife in April 1980. Apparently appellant's wife had followed him to the poker game on an earlier occasion and, disapproving of his poker playing, caused quite a disturbance. An objection was timely made and the trial judge admonished the jury to disregard mention of the warrant.

We do not think appellant's substantial rights were prejudiced by this testimony. RCr 9.24. The warrant was mentioned only once and was followed by a thorough admonition which adequately cured any prejudice to appellant. *Hawkins v. Commonwealth*, Ky., 481 S.W.2d 259 (1972).

The conviction is affirmed.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.