**COMMONWEALTH of Kentucky, Movant,**

v.

**Duane S. THURMAN, Respondent.**

Supreme Court of Kentucky.

June 13, 1985.

David L. Armstrong, Atty. Gen., Martin Glazer, William Davis, Asst. Attys. Gen., Frankfort, for movant.

David M. Cantor, Louisville, for respondent.

VANCE, Justice.

Respondent was found guilty of first-degree perjury pursuant to K.R.S. 523.020 and K.R.S. 523.050(1) and (2). K.R.S. 523.-020(1) provides:

"A person is guilty of perjury in the first degree when he makes a material false statement, which he does not believe, in any official proceeding under an oath required or authorized by law...."

K.R.S. 523.050 provides:

"(1) When a person has made inconsistent statements under oath, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single charge alleging in the alternative that one or the other was false and not believed by the defendant. In such a case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.

"(2) The highest offense of which a person may be convicted in such an instance shall be determined by hypothetically assuming each statement to be false. If perjury of different degrees would be established by the making of the two (2) statements, the person may only be convicted of the lesser degree. If perjury or false swearing would be established by the making of the two (2) statements, the person may only be convicted of false swearing."

Respondent was charged with theft of a diamond ring from Connie Jones. At his preliminary hearing on the charge he testified that Connie Jones was a prostitute, who was working for him, who owed him money, and that she gave him the ring to pawn because he needed money to get his car out of a repair shop.

At his trial, pursuant to an indictment on the charge, he testified that he did not know whether Connie Jones was a prostitute, that she had not worked for him, that she never owed him money, that he did not need money to get his car out of the shop, and that she gave him the ring to pawn to obtain money with which she could purchase marijuana.

■ There is no question but that the statements made in the preliminary hearing are inconsistent with the testimony at trial. Both statements were made under oath in an official proceeding. Under K.R.S. 523.050 it is not necessary to prove whether one or both of the statements were false. It is sufficient to show that one of the statements, because of the inconsistency, is bound to be false.

■ In such a case, if both of the statements, if false, would constitute first-degree perjury, a verdict of guilty of first-degree perjury is justified. If one of the statements, if false, would constitute perjury but the other, if false, would only constitute false swearing as set out in K.R.S. 523.040, then only a conviction for false swearing can be justified. K.R.S. 523.-050(2).

■ Perjury requires that the false statement be material, false swearing does not. It is necessary, therefore, to determine whether the statements made by respondent were material.

Respondent contends that the main issue at his trial for the theft of the ring was whether he had obtained the ring for the purpose of pawning it (as he contended) or for the purpose of taking it to be cleaned (as Connie Jones contended). He contends that whether Connie Jones was a prostitute, whether she worked for him, whether she owed him money, whether he needed money to get his car out of the shop, and whether the ring was to be pawned to get money to purchase marijuana were completely immaterial. We do not agree.

■ It is not necessary that testimony, to be material, must relate to the principal issue in a case. It is sufficiently material if it has the potential to influence a tribunal or a jury. *May v. United States*, 280 F.2d 555, 562 (6th Cir.1960).

■ In this case, there was a direct conflict between respondent and Connie Jones concerning whether she gave him the ring to pawn or whether she gave it to him to have it cleaned. Testimony by him that she was a prostitute or that she wanted money to purchase marijuana was an assault upon the credibility of Connie Jones,

which had the potential of causing the jury to believe him rather than her. These statements then were material to the issue of credibility.

■ When the defense to a charge of theft is that the defendant's possession and use of the property was lawful, we believe that all of his explanation as to how he came into possession of the property and the manner in which he used it is material to the issue of his guilt or innocence of the charge.

■ Because either of respondent's statements, being false, would justify a conviction for first-degree perjury, the holding of the Court of Appeals that respondent could not have been convicted of any crime higher than false swearing, a misdemeanor, is erroneous.

■ The Court of Appeals held, citing *Fugate v. Commonwealth*, Ky., 445 S.W.2d 675 (1969) that respondent could raise, on appeal, an issue pertaining to impropriety of instructions, even though the issue was not preserved for appellate review. In this matter, also, the opinion of the Court of Appeals is erroneous. RCr 9.54(2) provides:

"(2) No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection."

Failure to comply with RCr 9.54(2) has consistently been interpreted to prevent review of claimed error in the instructions because of the failure to preserve the alleged error for review. *Hopper v. Commonwealth*, Ky., 516 S.W.2d 855 (1974).

The decision of the Court of Appeals is reversed, and the judgment entered by the trial court is affirmed.

All concur.