**COMMONWEALTH of Kentucky, Movant,**

v.

**George GOFORTH, Respondent.**

Supreme Court of Kentucky.

July 3, 1985.

David L. Armstrong, Atty. Gen., John S. Gillig, Cicely D. Jaracz, Asst. Atty. Gen., Frankfort, for movant.

Paul Isaacs, Public Advocate, JoAnne M. Yanish, Asst. Public Advocate, Frankfort, for respondent.

LEIBSON, Justice.

Respondent was convicted of sodomy in the first degree and sentenced to ten (10) years imprisonment. The charge was forcible anal intercourse committed on a sixteen year old boy. The defense was alibi.

On direct appeal to the Court of Appeals respondent raised seven issues, six of which were rejected. The Court of Appeals reversed because the trial court failed to follow the mandate of RCr 9.56(2), which forbids defining reasonable doubt:

> "The instructions should not attempt to defind the term 'reasonable doubt.'"

We reverse because the error was not preserved.

Apparently neither the trial court, the prosecutor, nor the defense attorney was aware that RCr 9.56 was amended effective July 1, 1978. The trial court stated that he gave the instruction "straight out of Palmore's":

> "The term 'reasonable doubt' as used in these instructions means a substantial doubt, a real doubt, in that you must ask yourself not whether a better case might have been proved, but whether, after hearing all the evidence, you actually doubt that the defendant is guilty." 1 Palmore & Lawson, *Palmore's Instructions to Juries*, § 11.01 (1975).

The 1978 Amendment to RCr 9.56 countermanded giving this instruction.[1] The rule was changed to conform to the decision of the United States Supreme Court in *Taylor v. Kentucky*, 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468, 477 (1978).

■ But it is the duty of defense counsel, if he wishes to claim error, to keep current on the law, to object, and to state specifically the grounds for the objection, so that the court will be advised how to properly instruct.

In January 1983, when this case was tried, RCr 9.54 stated:

"(2) No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically[2] the matter to which he objects and the ground or grounds of his objection."

In the present case defense counsel did not object to the court giving an instruction defining reasonable doubt. To the contrary, his objection was limited to disputing the definition that was given. It appears from the record that at trial the defense counsel's tactics were to have "reasonable doubt" defined, and then argue about how the definition applied to the case.

Counsel asked only that the last sentence of the instruction "should be changed to read if you actually doubt the defendant is guilty *under this instruction.*" The limit of the objection was to seek to add the *three words* which are underlined. The grounds for objection were thus stated to the court:

"... the guilty (sic) that they [the jury] are determining is whether or not he is guilty under these instructions, not whether or not he may be guilty of something."

■ The objection made fails to comply with the minimum necessary to preserve error for appellate review. It did not "fair-

ly and adequately" present the reason why the instruction was improper. RCr 9.54(2), *supra.* The reason presented to the trial court was a quibble over language, with no reference to the new rule that "reasonable doubt" shall not be defined. It fails to comply with the rule that the ground stated must be specific and must be substantially correct. *Long v. Commonwealth*, Ky., 559 S.W.2d 482 (1977); *Barclay v. Commonwealth*, Ky., 499 S.W.2d 283 (1973).

Respondent argues further that the prosecutor and the trial court compounded the error by further comments regarding reasonable doubt occurring during voir dire. On the contrary the record shows that when defense counsel objected to the prosecutor's comments, the court responded with a clarifying admonition, and defense counsel made no further objection, thus indicating he was satisfied with the admonition as given.

Respondent argues that this is an error of constitutional magnitude, so that preservation is not the issue. In *Pevlor v. Commonwealth*, Ky., 638 S.W.2d 272 (1982), we reviewed the United States Supreme Court decisions bearing on Kentucky's reasonable doubt instruction, *Taylor v. Kentucky*, supra, and *Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 80 L.Ed.2d 640 (1979). We concluded that an instruction "defining reasonable doubt [which] equate it with substantial doubt ... does not in and of itself violate the United States Constitution." *Pevlor, supra* at 277.

■ We agree that RCr 9.56 is mandatory, not merely directory. But it is not per se an error of constitutional magnitude. Nor was the instruction defining reasonable doubt a palpable error affecting the substantial rights of the respondent of such magnitude that we should consider application of the plain error rule. CR 61.02; RCr 13.04. There was no manifest injustice from the giving of this instruction.

1. The 1979 Supplement to *Palmore's Instructions to Juries*, § 11.01, points out this amendment.

2. RCr 9.54 was amended effective January 1, 1985, to make even more stringent the require- ment that objections to instructions be "specific."

The judgment of the trial court is affirmed.

All concur except STEPHENSON, J., who did not sit.