**COMMONWEALTH of Kentucky, Appellant,**

v.

**Joyce Marie DUKE, Appellee.**

**Joyce Marie DUKE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Nos. 87–SC–109–DG, 87–SC–335–DG.

Supreme Court of Kentucky.

May 19, 1988.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellant/cross appellee.

Kathleen Kallaher, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellee/cross appellant.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the conviction of manslaughter in the second degree and a sentence of five years.

The principal issue is whether the Court of Appeals erred in determining that the challenge by Duke to the self-protection instruction was preserved for appellate review.

The jury instructions contained two theories authorizing a second-degree manslaughter verdict. Instruction No. 5 related to the elements of KRS 507.040. Instruction No. 6, the self-protection instruction, was based on Palmore, *Kentucky Instructions to Juries* § 10.26, and also permitted a second-degree manslaughter verdict. The Court of Appeals reversed the judgment of conviction on the ground that the self-protection instruction allowed for conviction of a wanton homicide when her conduct was intentional, in its view. The

Court of Appeals rejected the lack of preservation argument.

The Court of Appeals misapplied the law regarding preservation in order to reach the merits of the challenge to the self-protection instruction. Error may not be assigned regarding instructions unless a specific objection is made stating the grounds for such objection. RCr 9.54(2).

■ It is the duty of counsel who wishes to claim error to keep current on the law and to object stating the specific basis for objection so that the trial judge will be advised on how to instruct. *Commonwealth v. Goforth*, Ky., 692 S.W.2d 803 (1985). Failure to comply with RCr 9.54(2) has been consistently held to prohibit review of alleged error in instructions because of the failure to properly preserve the claimed error. *Commonwealth v. Thurman*, Ky., 691 S.W.2d 213 (1985).

■ The objections by Duke at trial to Instruction No. 6 were totally different from the argument made on appeal which was the basis for the reversal. At trial, Duke stated she wanted an instruction based on Palmore, *supra*, § 10.02, rather than the instruction taken from § 10.26. The defense theory was that there were no facts warranting an instruction on an erroneous belief that self-defense was necessary. She claimed that she had to defend herself because she saw the victim with a hammer. Other witnesses testified that they saw no hammer in the hand of the deceased. There was a sufficient basis for an erroneous belief instruction. The jury must be instructed on all theories which are deducible from the evidence. *Pace v. Commonwealth*, Ky., 561 S.W.2d 664 (1978). Duke did not argue that Instruction No. 6 or § 10.26 of *Palmore* were incorrect law due to the decisions in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984) and *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985) which is her theory on appeal. She only claimed that the facts of the case had nothing to do with an erroneous belief that self-defense was necessary. There was no objection to Instruction No. 5, the manslaughter in the second-degree instruction.

■ A defendant cannot pursue one theory at the trial court level and another on the appellate review. *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1976). There was no objection to the wanton instruction at trial and Duke cannot contend on appeal that only the intentional murder instruction should have been given. *See Charles v. Commonwealth*, Ky., 634 S.W.2d 407 (1982). Procedural rules must be adhered to because they prevent the chaos of subjectivity which leads to a destruction of even substantive rights. There is always a proper procedural avenue for the enforcement of every right at an appropriate time during the course of any litigation. *Cf. Brown v. Commonwealth*, Ky., 551 S.W.2d 557 (1977).

Reversal in this case is a misapplication of the law of preservation and results in a miscarriage of justice. It would be unfair to permit a defendant to claim on appeal that the jury should only have been instructed on the greater intentional offense or acquittal and then to plead an allegedly improper conviction of the lesser offense as an acquittal of the intentional crime under the double jeopardy standard.

In this situation, it was error to reach the merits of the Duke challenge to Instructions 5 and 6.

In view of our decision, it is unnecessary to reach the issue of whether the instructions on self-protection were proper and a correct interpretation of the penal code. It is also unnecessary to consider the other arguments presented by Duke. The theoretical arguments relating to self-defense must wait for another case.

The decision of the Court of Appeals is reversed and the matter remanded for review of the other issues raised on appeal.

STEPHENS, C.J., and STEPHENSON and VANCE, JJ., concur.

LEIBSON, J., concurs by separate opinion in which GANT and LAMBERT, JJ., join.

LEIBSON, Justice, concurring.

Respectfully, I concur in results only.

The Majority Opinion reaches the right results for the wrong reason. The Majority concludes that the "alleged error in instructions" was not preserved by a sufficiently "specific objection" as required by RCr 9.54(2).

My review of the videotaped record confirms that the defense counsel objected at length to qualifying the self-defense instruction by further language permitting a conviction for wanton homicide, thus preserving the issue. The trial court finally terminated the discussion emphatically by advising counsel that the "objection was noted, *in color*." Emphasis added.

Nevertheless, the conviction is properly affirmed because the self-defense instruction as given was substantially correct, under principles stated in *Commonwealth v. Rose*, Ky., 725 S.W.2d 588 (1987). There is no *ex post facto* principle involved in applying *Commonwealth v. Rose* to this case. Our Court has previously addressed this same problem in a series of cases reaching varying results: *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980) and *Commonwealth v. Rose, supra*, on the one hand, and *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984) and *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985), on the other. *Commonwealth v. Rose* is the most recent, and it is dispositive.

The Penal Code has stayed the same throughout this series of cases. The application of the *ex post facto* principle does not turn on the Supreme Court's application of the statute in any particular case. *Ex post facto* and *stare decisis* are separate and unrelated concepts.

GANT and LAMBERT, JJ., join in this concurring opinion.