**COMMONWEALTH of Kentucky, Appellant,**

v.

**Patsy L. STALLARD and Robert Adams, Appellees.**

No. 96-SC-357-DG.

Supreme Court of Kentucky.

Dec. 18, 1997.

A.B. Chandler, III, Attorney General, Paul W. Richwalsky, Jr., Louisville, Daniel Luke Morgan, Assistant Attorney General, Frankfort, for Appellant.

Lawrence R. Webster, Pikeville, for Appellee Patsy L. Stallard.

J. BISSELL ROBERTS, Special Justice.

Appellees, Patsy L. Stallard and Robert Adams, were separately indicted by a Special Letcher County Grand Jury for first-degree perjury in connection with testimony each had given before the Special Grand Jury in its investigation of possible public corruption. The Letcher Circuit Court later dismissed the perjury charges against Appellees, and, in an unpublished opinion, the Court of Appeals affirmed the trial court's dismissal. The Commonwealth sought discretionary review, which this Court granted. We now affirm the Court of Appeals' decision.

In the spring of 1993, a Special Letcher County Grand Jury was investigating activities of the office of Letcher County Commonwealth Attorney James Wiley Craft. Appellee Patsy L. Stallard was then a permanent part-time secretary in the office of the Commonwealth Attorney. Appellee Robert Adams was a detective employed by the Commonwealth Attorney. In addition to serving as Commonwealth Attorney, James Wiley Craft maintained a private law practice, as permitted by KRS 15.755. Appellee Stallard worked as a secretary in Craft's private civil law office in addition to her employment as a part-time secretary for the Commonwealth Attorney's office.

At one point, the Special Letcher County Grand Jury investigation into public corruption focused on whether Stallard had worked the minimum number of hours required to earn the salary she was paid from the State Treasury as a part-time secretary for the Commonwealth Attorney. In their testimony before the grand jury, both Stallard and Adams claimed that Stallard worked mainly on criminal cases in the Commonwealth Attorney's office at the courthouse. Other witnesses, however, said that Stallard rarely worked at the Commonwealth Attorney's office and instead spent most of her time at Craft's civil office. After comparing Appellees' answers to those of other witnesses, the grand jury indicted both Stallard and Adams for first-degree perjury.

That Letcher County Special Grand Jury investigation also resulted in two additional and separate indictments issued by a Franklin County Grand Jury against Appellee Stallard and Commonwealth Attorney Craft. The Franklin County indictments related to several state payroll checks issued to Stallard from the Kentucky State Treasury,

which had been requested and approved by Commonwealth Attorney Craft.

The Franklin County Grand Jury indicted Stallard for 103 separate counts of felony theft by unlawful taking or disposition, a Class D felony (KRS 514.030), and indicted Commonwealth Attorney Craft for 103 counts of complicity to commit theft by unlawful taking (KRS 502.020). For each relevant pay-period, Commonwealth Attorney Craft had certified Stallard's entitlement to a state payroll check by signing and certifying a form that provided in part:

> This is to certify that the salaried employees listed below has (sic) fulfilled all statutory duties of their employment for the pay-period ending _____.

For each pay-period Craft filled in the appropriate date and listed Stallard as the employee entitled to a state payroll check.

In the Franklin Circuit Court case (hereinafter "*Stallard I*"), the Commonwealth filed a bill of particulars stating that it intended to prosecute Stallard because of her failure to perform the requisite work required of a part-time secretary in a part-time Commonwealth Attorney's office. The Commonwealth maintained "[t]hat Stallard, as a permanent part-time employee, was required to work a minimum of 100 hours a month to be entitled to her regular paycheck." [1]

KRS 15.760(2) and (4) prescribe relevant statutory salary guidelines for employees of Commonwealth Attorneys:

> (2) The number of assistant Commonwealth's attorney positions, stenographic, secretarial and clerical staff positions, investigative and other personnel positions, shall be based on real need to be determined with the advice and consent of the Prosecutors Advisory Council.
>
> . . . .
>
> (4) All salaries paid to personnel appointed hereunder shall be paid from the State Treasury. The salaries shall be commensurate with the appointee's education, ex-

perience, training and responsibility, and be based upon the guidelines established by the Prosecutors Advisory Council, which guidelines shall be comparable with the classification and compensation plan for comparable positions maintained by the state Department of Personnel, pursuant to KRS 64.640.

On May 26, 1994, the Franklin Circuit Court, in *Stallard I*, dismissed the Franklin County indictments against Stallard and Craft, finding, as acknowledged by the Commonwealth, that the Prosecutors Advisory Council had never established the compensation guidelines required by KRS 15.760(4) for the staff of Commonwealth Attorneys. The Franklin Circuit Court found that there were no guidelines, rules, policies, or regulations establishing a minimum number of hours that part-time and full-time employees of Commonwealth Attorneys' offices were required to work in order to earn a part-time or full-time salary. Accordingly, in *Stallard I*, the trial court held that, in the absence of any Prosecutors Advisory Council guidelines, the Franklin County prosecutions of Stallard and Craft for theft were improper. That opinion concluded that the defendants had no notice of the conduct the state commanded or forbad and that such notice of a potential criminal offense was an essential element of constitutional due process of law. In what is now the final opinion in *Stallard I*, the Court of Appeals affirmed the dismissals of the Franklin County indictments, finding that:

> The Commonwealth admits that the guidelines at the time relevant to this prosecution did not specify the number of hours that a part-time employee was required to work. Nevertheless, the Commonwealth, citing KRS, Chapter 64, contends that a one hundred-hour per month requirement exists and that such was reasonably known to the defendants. We have reviewed the statutes and administrative regulations, including Chapter 64, and can find nothing which states the number of hours that a

---

1. Under the legislation applicable to the Kentucky Employees Retirement System, the definition of "employee" (KRS 61.510(5)) includes those in "regular full-time" positions which, subject to certain limited exceptions, "shall mean all positions that average one hundred (100) or more hours per month...." KRS 61.510(21). No proof was presented and no argument made by the Commonwealth in the case that the Kentucky Employees Retirement System or the terms of KRS 61.510 *et. seq.* were relevant to the Commonwealth's prosecution of the Appellees.

part-time employee of the Commonwealth's Attorney's office is required to work.

In the case at bar (hereinafter *"Stallard II"*), the Letcher County indictment against Stallard charges a violation of KRS 523.020 (Perjury in the First Degree) because she "made material false statements, which she did not believe, when she gave testimony [to the Letcher County Special Grand Jury] concerning the amount of time she spent performing her duties as a secretary in the Office of the Letcher County Commonwealth Attorney, and the actual duties and responsibilities performed by her in her capacity in the Office of the Letcher County Commonwealth Attorney." The indictment against Commonwealth detective Adams alleges that, in violation of KRS 523.020, "he made material false statements, which he did not believe, when he gave testimony concerning the amount of time spent by Patsy L. (Phillips) Stallard while performing her duties as secretary in the Office of the Letcher County Commonwealth Attorney."

Citing the dismissal of the indictments against Stallard and Craft by the Franklin Circuit Court in May 1994, the Special Letcher Circuit Judge, on September 15, 1994, sustained the motions of Stallard and Adams to dismiss the Letcher County indictments. The trial judge's opinion and order properly focused on the question of whether Stallard and Adams made "material false statements," as defined by KRS 523.010(1). KRS 523.010(1) provides:

"Material false statement" means any false statement, regardless of its admissibility under the rules of evidence, which could have affected the outcome of the proceeding. Whether a falsification is material in a given factual situation is a question of law.

In considering this question of law, the trial judge held:

The allegedly false statements made by Stallard and Adams, regarding Stallard's employment with the office of the Commonwealth's attorney and the amount of time she spent doing such work, did not have the potential to affect the outcome of the grand jury proceeding. This is so because the amount of time spent by Stallard on said job could not be used as a proper basis for a criminal indictment, as found by the Franklin Circuit Court, since no published guideline or definition existed of the minimum number of hours of work required for said position.

In *Stallard II*, the Court of Appeals, in an unpublished opinion, affirmed the Letcher Circuit Court's dismissal of both indictments. The Commonwealth sought discretionary review of that decision, which we granted. We now affirm the Court of Appeals' decision.

In 1974, the Kentucky General Assembly enacted the Kentucky Penal Code, which defines the crimes of Perjury in the First Degree (KRS 523.020), a Class D felony, Perjury in the Second Degree (KRS 523.030), a Class A misdemeanor, and False Swearing (KRS 523.040), a Class B misdemeanor. The differences between and the distinct elements of these three crimes bear on this Court's affirmance of the lower court's decision in *Stallard II*.

■ Assuming arguendo that Appellees, under oath, knowingly gave false testimony to the Special Letcher County Grand Jury concerning the number of hours per pay-period which Stallard had worked as a part-time secretary for the Commonwealth Attorney, such false testimony is not necessarily sufficient to establish that Appellees committed the crime of first-degree perjury. To obtain a conviction for first-degree perjury, the Commonwealth has the burden to prove that the defendant, under oath, in an official proceeding, knowingly made a "material false statement." The trial court's dismissal of the indictments against Appellees specifically found that, under KRS 523.010(1), no "material false statement" which could "affect the outcome of the grand jury proceeding" was made by Appellees. The Commonwealth has failed to convince this Court that the trial judge erred in so concluding.

The Commonwealth contends that by affirming the Court of Appeals' decision, this Court effectively grants "immunity" to witnesses who give false testimony under oath, but who are fortuitous enough to testify

about something that does not constitute a crime. We disagree.

▮ To obtain a conviction for the crime of "false swearing" (KRS 523.040), the Commonwealth need not prove that the person making the false statement was testifying in an official proceeding or that the false testimony was a "material false statement" which could have affected the outcome of a proceeding. As contrasted with the crime of first-degree perjury, the crime of false swearing is a misdemeanor designed to discourage witnesses from making false statements under oath.

▮ The Commonwealth argues that the making of false statements under oath cannot be condoned in this Commonwealth. This Court agrees, and notes that, subject to the particular facts of each case, the making of false statements under oath, whether in an "official proceeding" or otherwise, should, when appropriate, be prosecuted. Whether a false statement is "material" in a given factual situation is a question of law to be resolved by determining, pursuant to KRS 523.010(1), whether the statement "could have affected the outcome of the proceeding." This Court is not inclined to establish a rigid or inflexible standard that trial courts must follow in deciding whether a "material false statement" has been made. Instead, that determination should, on a case by case basis, be left to the sound judgment of Kentucky's trial court judges.

▮ When false statements made under oath are not "material false statements," such testimony may constitute the crime of false swearing. False swearing differs from the crime of perjury in the first degree because that misdemeanor does not require proof that the false statement was a "material false statement" or that it was made in a "official proceeding." As noted by the Official Commentary to KRS 523.040, the False Swearing statute is "designed to promote the policy of discouraging all the falsehoods made under oath, even where there has been no substantial impairment of the administration of justice."

Although the Commonwealth argues that our decision here essentially gives a greenlight to all potential perjurors who are wise enough to know or lucky enough to learn that the subject matter about which they have testified falsely does not constitute a crime, all that our holding today declares is that, under the facts of this particular case, the elements of first-degree perjury have not been fulfilled. We do not pass on whether the elements of any other crime relating to false testimony have been fulfilled, because that issue is not before the Court.

Because no persuasive factual or legal argument has been presented that Appellees made material false statements to the Special Letcher County Grand Jury, this Court affirms the result of the Court of Appeals' opinion in *Stallard II*. *See Commonwealth v. Thurman*, Ky., 691 S.W.2d 213 (1985).

STEPHENS, C.J., and COOPER, GRAVES, LAMBERT and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.