# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JANUARY 24, 2008
WITHDRAWN: MAY 22, 2008
REISSUED: MAY 22, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-000782-MR

DATE June 12, 08 ↳ A Crowry D.C.

RUBEN RIOS SALINAS      APPELLANT

ON APPEAL FROM FAYETTE CIRCUIT COURT
V.      HONORABLE GARY D. PAYNE, JUDGE
98-CR-001270

COMMONWEALTH OF KENTUCKY      APPELLEE

AND

## 2006-SC-000482-TG

RUBEN RIOS SALINAS      APPELLANT

ON TRANSFER FROM THE COURT OF APPEALS
V.      2006-CA-000980
LYON CIRCUIT COURT NO. 06-CI-000053

TOM SIMPSON      APPELLEE

AND

## 2006-SC-000483-TG

RUBEN RIOS SALINAS      APPELLANT

ON TRANSFER FROM THE COURT OF APPEALS
V.      2006-CA-000732
FAYETTE CIRCUIT COURT NO. 03-CR-0001296

COMMONWEALTH OF KENTUCKY      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant Ruben Rios Salinas was indicted in 1998 for Capital murder, Capital kidnapping, and being a persistent felony offender (PFO) in the second degree. A jury convicted Appellant of the murder and kidnapping charges. As Appellant had been convicted of two capital offenses, which were incapable of being enhanced, the Commonwealth moved at the sentencing phase of trial to dismiss the PFO charge without prejudice. The trial court orally sustained the motion but did not address whether it was with or without prejudice. The court's written order stated that the PFO count was dismissed upon motion of the Commonwealth. The trial court sentenced Appellant, in accordance with the jury's recommendation, to life in prison without the possibility of parole.

On appeal from that judgment, this Court reversed the conviction based on the admission of improper hearsay evidence as well as an erroneous instruction on aggravating circumstances.[1] We remanded the case to the Fayette Circuit Court. Upon retrial, Appellant was convicted of manslaughter in the first degree, attempted theft by extortion, and of being a persistent felony offender (PFO) in the second degree. The PFO conviction had the effect of enhancing Appellant's twenty-year sentence for manslaughter in the first degree to a life sentence.[2]

In the instant appeal, Appellant first challenges his PFO conviction. Appellant specifically claims that when a charged count is dismissed, the Commonwealth should not be able to proceed on that count unless the dismissal is based on one of the

---

[1] Salinas v. Commonwealth, 84 S.W.3d 913 (Ky. 2002).

[2] For his conviction for attempted theft by extortion, Appellant was sentenced to twelve months to be served concurrently with the life sentence.

2

grounds identified in CR 41.02(3),[3] or the court makes a notation on the written, final order of dismissal indicating that the Commonwealth may re-file the dismissed charge.[4] According to Appellant, unless one of the exceptions to the rule applies, there must be a notation that dismissal is without prejudice or the party must obtain relief on appeal[5] because CR 41.02(3) provides that unless these conditions are met, the matter is "an adjudication upon the merits." Appellant also argues that since the dismissal of the PFO count was not based on any of the grounds in CR 41.02(3), and as there was no notation in the judgment regarding whether retrial on that count was permissible, the order of dismissal was an adjudication on the merits; and that this precludes his conviction of the PFO charge on retrial on double jeopardy grounds.

We disagree. CR 41.02 applies to <u>involuntary</u> dismissals. In this case, the PFO charge was voluntarily dismissed, upon motion by the Commonwealth, on grounds that Appellant's sentence was incapable of being enhanced. The applicable rule, therefore, is CR 41.01, which governs <u>voluntary</u> dismissals. CR 41.01(2) provides, in pertinent part, "[u]nless otherwise specified in the order, a dismissal under this section is without prejudice." CR 41.01 is applicable to voluntary dismissals in criminal cases.[6] Because the trial court's written order did not state otherwise, per CR 41.01 the dismissal of the PFO charge was without prejudice.

---

[3] CR 41.02(3) provides in part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule . . . other than a dismissal for lack of jurisdiction, for improper venue . . . or for failure to join a party under Rule 19, operates as an adjudication upon the merits." The civil rule regarding dismissals is applicable to this criminal action pursuant to RCr 13.04.

[4] Appellant reports that the PFO charge was "refiled" in a new indictment, 03-CR-1296. This indictment does not appear in the trial court record, however. Additionally, while sometimes this indictment number was included on court documents in addition to the old number, 98-CR-1270, the trial court's judgment of conviction following retrial cites only the number corresponding to the initial indictment. We conclude from the state of the record that the case was retried under the original indictment. The question of which indictment was used does not affect our determination of the outcome of the issue.

[5] See <u>Commonwealth v. Hicks</u>, 869 S.W.2d 35, 38 (Ky. 1994).

[6] See <u>Commonwealth v. Berry</u>, 184 S.W.3d 63, 65 (Ky. 2005).

3

Further, Appellant's conviction of the PFO charge on retrial was not barred by double jeopardy. In White v. Commonwealth,[7] we recognized:

> Conviction as a Persistent Felony Offender is not a charge of an independent criminal offense but rather a particular criminal status. Consequently double jeopardy does not attach. Persistent Felony Offender proceedings involve the status of the offender and the length of the punishment, not a separate or independent criminal offense. Kentucky Constitution Section 13 and KRS 505.040(1)(a) both relate to an offense before double jeopardy is activated.

Accordingly, we conclude that Appellant's conviction of being a PFO in the second degree was proper.

Appellant next claims that the trial court committed reversible error by admitting photographs of knives that were found in a search of his home. He asserts that the knives were not relevant because they were unconnected to the charged crimes. The victim, Aubrey Nuckolls, died from gunshot wounds. The Commonwealth argued for admission of the photographs based on the medical examiner's testimony that the victim had cuts on his body, probably inflicted post-mortem. The Commonwealth argued that the presence of knives in the house was thus relevant. Appellant observed that the knives were not forensically tested and that there was no offer of proof that the knives corresponded to the wounds. The trial court allowed admission of the photographs and specifically ruled that the photographs did not appear to be unduly prejudicial. The photographs of the knives were admitted through the testimony of a detective, without any commentary on their significance.

A trial court's rulings regarding the relevance of evidence will not be disturbed absent an abuse of discretion.[8] The test for abuse of discretion is whether the trial

---

[7] 770 S.W.2d 222, 224 (Ky. 1989).
[8] Love v. Commonwealth, 55 S.W.3d 816 (Ky. 2001).

judge's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[9]

Appellant cites the general rule that "[w]eapons which have no relation to the crime are inadmissible."[10] A weapon may be admitted into evidence "based upon testimony that the weapon was . . . found at the scene of the offense and was capable of inflicting the type of injury sustained by the victim."[11] The admission of tangible objects as evidence requires establishing a link to the evidence by time, place and circumstance to the matter being litigated.[12] The proof need not positively show the connection; but there must be proof rendering the inference reasonable or probable from its nearness in time and place or other circumstances.[13]

Appellant claims lack of relevance and observes that he was not charged with a crime involving the knives. The Commonwealth's arguments that the knives *could have been used* to threaten or cut the victim in the course of a kidnapping amounts to mere speculation not supported by any evidence. The cause of the cuts to the victim's legs was not established. The medical examiner could not say definitively whether the wounds occurred before death or post-mortem. The knives were not tested. The presence of the knives had to meet the test of relevancy -- some tendency to make the existence of any fact of consequence to the determination of the action more or less probable than without the evidence under KRE 401. The knives' relevance to a fact of consequence in this case was not shown.

---

[9] Woodward v. Commonwealth, 147 S.W.3d 63 (Ky. 2004) (quoting Goodyear Tire & Rubber Co. v. Thompson, 11 S.W.3d 575, 581 (Ky. 2000)).

[10] Major v. Commonwealth, 177 S.W.3d 700, 710 (Ky. 2006).

[11] Id.; accord Barth v. Commonwealth, 80 S.W.3d 390 (Ky. 2001).

[12] Hicks v. Commonwealth, 805 S.W.2d 144, 150-151 (Ky.App. 1991); R. Lawson, The Kentucky Evidence Law Handbook, § 11.00, p. 590 (3rd ed. 1993); Barth, 80 S.W.3d at 402.

[13] Higgins v. Commonwealth, 142 Ky. 647, 134 S.W. 1135 (1911), cited in Barth, 80 S.W.3d at 402.

Nevertheless, we view the admission of the photographs as harmless error. Appellant complains on appeal that the Commonwealth used the knives to infer to the jury that Appellant tortured the victim prior to his death. Appellant argues this was highly prejudicial and impeded his defense of self-defense without any evidentiary basis. However, the Commonwealth did not speculate on the use of the knives. Further, the Commonwealth did not address any issue regarding the knives in its closing argument. Appellant argued, in fact, in his closing that the jury should avoid any inclination to think that the victim was restrained and injured with the knives, and that the lack of testing demonstrated that the Commonwealth never considered them significant or incriminating to Appellant. We do not agree that the Commonwealth used the photographs to inject prejudicial inferences into the trial, and conclude that the erroneous admission of the photographs of knives was harmless error. There is no reasonable possibility that the photographs of the knives contributed to the conviction.[14]

Appellant next claims that the trial court committed reversible error by instructing the jury on the charge of first-degree manslaughter because it was unsupported by the evidence. This issue was not raised as such at trial. However, Appellant, acting as co-counsel, objected to instructing the jury on that charge, because he did not want the jury to convict him of something as a compromise. But Appellant's trial counsel argued that Appellant should receive the same instructions as were given at the first trial, including the manslaughter in the first degree instruction and definition of extreme emotional disturbance. Further, defense counsel argued that Appellant was "absolutely entitled" to an instruction on the manslaughter in the first degree alternative which required an

---

[14] Morgan v. Commonwealth, 189 S.W.3d 99, 108 n.27 (Ky. 2006), overruled on other grounds by Shane v. Commonwealth, 243 S.W.3d 336 (Ky. 2007).

6

intent to inflict serious physical injury.[15] The court determined that the jury should be given all the instructions as alternatives. Because the instruction was given at the insistence of defense counsel, we will not review the claim of error. We do not look with favor on an accused arguing against an instruction which he sought at trial.[16] A defendant may not pursue one theory at the trial level and another one on appeal.[17] We have long maintained that objections must be made to the instructions in order to obtain review.[18] Therefore, we decline further review of Appellant's arguments on appeal regarding the propriety of the manslaughter in the first degree instruction.

Appellant's next issue is also unpreserved, but he requests palpable error review under RCr 10.26. Appellant claims that his conviction for attempted theft by extortion must be reversed because this offense is not a lesser included offense of kidnapping. A lesser included offense is one which contains the same or fewer elements than the primary offense. KRS 505.020(2) provides in part: "A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when [it is] established by proof of the same or less than all the facts required to establish the commission of the offense charged."

We agree that attempted theft by extortion is not a lesser included offense of kidnapping. KRS 509.040(1)(a) provides: "A person is guilty of kidnapping when he unlawfully restrains another person and when his intent is . . . to hold him for ransom or reward." KRS 514.080 provides: "A person is guilty of theft by extortion when he intentionally obtains property of another by threatening to inflict bodily injury on anyone

---

[15] The Commonwealth stated that it did not take a position on these instructions.

[16] Gall v. Commonwealth, 607 S.W.2d 97 (Ky. 1980).

[17] Commonwealth v. Duke, 750 S.W.2d 432 (Ky. 1988).

[18] RCr 9.42; Commonwealth v. Thurman, 691 S.W.2d 213, 216 (Ky. 1985).

or commit any other criminal offense." The offense of kidnapping thus has separate elements independent from the offense of attempted theft by extortion. If the lesser offense "requires proof of a fact not required to prove the greater offense, then the lesser offense is not included in the greater offense, but is simply a separate, uncharged offense."[19]

The question before us now is whether Appellant's conviction for the uncharged offense in the absence of an objection was palpable error. This charge came to be instructed as well simply because it had been given at the first trial. Appellant had maintained that he was innocent of kidnapping because he had not restrained the victim for ransom but only tried to get money later as a means to deflect attention from himself concerning the death after it happened. Appellant did not argue in closing argument in the retrial, however, that he should be convicted of the lesser offense. However, he also did not object at trial to the giving of this lesser, uncharged offense.

In this instance, as before, we decline review of the instruction since Appellant through counsel requested that the jury be instructed on the attempted theft by extortion count as part of the instructions from his previous trial. Appellant cannot pursue a different theory on appeal.[20] Because there was no objection to the attempted theft by extortion instruction below, we will not review its propriety on appeal.[21]

Appellant also has pending claims arising from his March 15, 2006, petition for writ of habeas corpus. He claims that his retrial for murder violated the double jeopardy clause, and that the evidence does not support a conviction.

On April 11, 2006, the Lyon Circuit Court denied the petition and held that a writ

---

[19] Colwell v. Commonwealth, 37 S.W.3d 721, 726 (Ky. 2000).

[20] Duke, 750 S.W.2d at 433.

[21] Thurman, 691 S.W.2d at 216.

8

of habeas corpus was an inappropriate remedy for these claims. The circuit court recognized, "[Appellant's] direct appeal, which remains pending before the Kentucky Supreme Court, and collateral attacks are adequate remedies to address the claims he now presents." Appellant appealed the denial to the Kentucky Court of Appeals. The claims were transferred to this Court (2006-SC-482), and consolidated with the direct appeal (2006-SC-782).

We affirm the trial court's order. Habeas corpus relief is not available to Appellant on the issues presented in his habeas petition. Rather than allowing habeas petitions to become substitutes for direct appeals, habeas corpus must remain "an extraordinary remedy only available under limited circumstances."[22] The Appellant's double jeopardy and sufficiency of the evidence claims were required to be pursued through the pending direct appeal. A petition for habeas corpus is not to be granted if the petitioner has available other adequate remedies.[23] If an error is reviewable on direct appeal or by way of an RCr 11.42 motion, habeas corpus relief will not be granted.[24] Appellant failed to show that he was without an appropriate remedy, and so the trial court's dismissal was correct.

Finally, Appellant also brought a motion following his conviction styled a "Writ of Right in Supersedeas, Arresting Judgment, Quashing Indictment, with Resentencing Pursuant to Jury Verdict" which was treated as having been brought pursuant to CR 60.02. In the motion, Appellant alleged that the separate indictment charging him as a PFO was akin to a bill of attainder rendering the judgment void ab initio. That motion was denied, and Appellant appealed to the Court of Appeals, which transferred the case

---

[22] M.M. v. Williams, 113 S.W.3d 82, 84 (Ky. 2003).

[23] Sprinkles v. Downey, 195 S.W.2d 760 (Ky. 1946).

[24] Lear v. Commonwealth, 884 S.W.2d 657, 660 (Ky. 1994); Gray v. Wingo, 423 S.W.2d 517 (Ky. 1968).

to this court (2006-SC-483) and consolidated it with the foregoing appeals.

The claims Appellant raises by way of CR 60.02, regarding his indictment for PFO, must fail for reasons similar to those for denial of his habeas corpus claims. CR 60.02 only allows appeals for claims of error that the moving party did not know, and could not with the exercise of reasonable diligence have known, in time to be addressed by way of appeal.[25] Relief under CR 60.02 is only provided in those instances where relief is not available by direct appeal and not available under RCr 11.42.[26] Because CR 60.02 was intended for relief not available by direct appeal or RCr 11.42, the rule may be used only when a defendant has availed himself of the right of direct appeal and sought relief under RCr 11.42.[27] We conclude that the arguments Appellant makes regarding the validity of his indictment are issues that were known to him at the time of his trial and should have been presented on direct appeal. Thus, Appellant may not obtain review of the issues raised below by way of this collateral attack means. We affirm the denial of the motion by the Fayette Circuit Court.

For the foregoing reasons, we affirm the convictions for manslaughter, attempted theft by extortion, and second-degree persistent felony offender. We affirm the orders denying Appellant's habeas corpus petition and his CR 60.02 claim.

All sitting except Cunningham, J.

Abramson, Minton, Noble, Schroder, Scott, JJ., concur. Lambert, C.J., dissents.

---

[25] Barnett v. Commonwealth, 979 S.W.2d 98, 101 (Ky. 1998).

[26] Gross v. Commonwealth, 648 S.W.2d 853, 855-57 (Ky. 1983).

[27] Id.

10

COUNSEL FOR APPELLANT:

Damon L. Preston
Assistant Public Advocate
Department of Public Advocacy
Suite 302, 100 Fair Oaks Lane
Frankfort, KY 40601


COUNSEL FOR APPELLEES:

Jack Conway
Attorney General of Kentucky

David W. Barr
Assistant Attorney General
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601-8204

# Supreme Court of Kentucky

2005-SC-000782-MR

RUBEN RIOS SALINAS                                                    APPELLANT

                    ON APPEAL FROM FAYETTE CIRCUIT COURT
V.                        HONORABLE GARY D. PAYNE, JUDGE
                                  98-CR-001270

COMMONWEALTH OF KENTUCKY                                              APPELLEE

AND

2006-SC-000482-TG

RUBEN RIOS SALINAS                                                    APPELLANT

                    ON TRANSFER FROM THE COURT OF APPEALS
V.                              2006-CA-000980
                    LYON CIRCUIT COURT NO. 06-CI-000053

TOM SIMPSON                                                           APPELLEE

AND

RUBEN RIOS SALINAS                                             APPELLANT

                       ON TRANSFER FROM THE COURT OF APPEALS

V.                               2006-CA-000732

                     FAYETTE CIRCUIT COURT NO. 03-CR-0001296

COMMONWEALTH OF KENTUCKY                                 APPELLEE

## ORDER GRANTING PETITION FOR REHEARING
## AND WITHDRAWING AND REISSUING OPINION

The petition for rehearing filed by Appellant, Ruben Rios Salinas, is hereby granted. The Memorandum Opinion of the Court, rendered January 24, 2008, is hereby withdrawn and the attached Memorandum Opinion is reissued in lieu thereof.

All sitting except Cunningham, J.

Abramson, Minton, Noble, Schroder, Scott, JJ., concur. Lambert, C.J., dissents.

ENTERED: May 22, 2008.

_____
CHIEF JUSTICE